**Mary J. RANDALL, Appellant,**

v.

**Richard B. RANDALL, Appellee.**
**No. 15521.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 12, 1960.

Decided Oct. 28, 1960.

(1946), as amended, D.C.Code § 5-701 et seq. (1951).

Mr. Anthony J. Noone, Washington, D. C., with whom Mr. John Henry Fallon, Washington, D. C., was on the brief, for appellant.

Mr. David I. Abse, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant, as plaintiff in our District Court, sued her former husband to have set aside a divorce decree awarded him in a Florida court, to cancel a property settlement agreement which she had executed, and for an accounting with respect to the marital property. She alleged fraud on the part of the husband in procuring her signature to the agreement and to papers used by him in obtaining the Florida decree. The only service attempted to be made on defendant was the delivery to his new wife at their Florida abode of a copy of the complaint and a summons issued by our District Court.

Defendant moved to dismiss the complaint for lack of jurisdiction over the subject matter and also moved to quash service as inadequate. Alternatively, he moved for summary judgment, primarily on the ground res judicata. On consideration of the motion the District Court dismissed the complaint with prejudice, thus disposing of the case on the merits.

■ We think the court did not acquire jurisdiction to decide the merits of the case and that defendant's motion to quash service should have been granted.[1] The decree sought to be set aside, as we have said, is a Florida court decree, to which the action in this jurisdiction cannot be considered as ancillary. See Dickey v. Turner, 6 Cir., 1931, 49 F.2d 998. Nor is the action here one in rem.

---

1. Fed.R.Civ.P. 12(b), 28 U.S.C.A. provides that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. 2 Moore, Federal Practice para. 12.12, at 2260 (2d ed. 1948).

And see Johnson v. Scarborough, D.C. S.D.Tex.1949, 88 F.Supp. 523; Frye v. Batavia Veterans Administration Employees Fed. Credit Union, D.C.D.C.1943, 8 F.R.D. 334.

No res pertaining to the case is in this jurisdiction. See State ex rel. Sparrenberger v. District Court, 1923, 66 Mont. 496, 214 P. 85, 33 A.L.R. 464. No property claimed by plaintiff is here, and the former marital domicile of plaintiff and defendant was Maryland. Thus, while a different result might follow were this an action to set aside a judgment or decree previously rendered in our District Court, in the present situation nothing takes the case out of the class of in personam equitable actions in which personal service is requisite to enable the court to adjudicate the merits of the controversy. See Blair v. Blair, 1915, 96 Kan. 757, 153 P. 544. The rule stated in 7 Moore, Federal Practice para. 60.38, at 642 (2d ed. 1955) applies:

> "Where the independent action is brought in a federal court other than the court which rendered the judgment, service of process is subject to principles applicable to actions generally; and the territorial limits of effective service is ordinarily the territorial limits of the state in which the district court is held."

█ Though actual service on a defendant is not essential to personal service within the territorial jurisdiction of the District Court, see Rule 4(d) (1), Fed.R.Civ.P., this provision has no application where, as in this case, the service was made outside the court's territorial jurisdiction in an in personam proceeding. See Fed.R.Civ.P. 4(f). And see, e. g., Robertson v. Railway Labor Bd., 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Howard v. United States ex rel. Alexander, 10 Cir., 1942, 126 F.2d 667, certiorari denied, 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768; Pinkus v. Walker, D.C.D.N.J.1945, 61 F.Supp. 610; Koncewicz v. East Liverpool City Hosp., D.C. W.D.Pa.1940, 31 F.Supp. 122.

The order of the District Court is vacated and the case remanded with direction to grant the motion to quash the attempted service upon defendant.

Reversed and remanded.