Madelyne C. RUNCK, Larry Dahlstrom, David A. Overboe, and Karen Brandt, Plaintiffs and Appellees,

v.

Ronald BRAKKE, Defendant and Appellant.

Civ. No. 870120.

Supreme Court of North Dakota.

March 29, 1988.

Ronald Brakke, pro se.

Cheryl Leslie Ellis, Fargo, for plaintiffs and appellees; submitted on briefs.

LEVINE, Justice.

Ronald Brakke appeals from an order of the Cass County Court dismissing without prejudice the complaint against him. We dismiss the appeal.

In October 1985 appellees Madelyn C. Runck, Larry Dahlstrom, David A. Overboe, and Karen Brandt brought an action against Brakke to vacate certain premises. Default judgment was entered and subsequently vacated in response to Brakke's Rule 60(b) motion. In vacating the judgment, the trial court also ordered plaintiff Runck to harvest and store all crops on the land in question during the pendency of the

lawsuit, and to submit to the court a warehouse receipt.

On December 10, 1986, the court, sua sponte, issued a show cause order as to why the case should not be dismissed without prejudice for want of prosecution. A hearing was held in January 1987 and both sides were given sixty days to move the case along or face dismissal. Nothing of substance was done and the trial court issued a second show cause order. The day before the hearing, Brakke filed a motion seeking to hold plaintiff Runck in contempt for failure to comply with the prior order of the court. At the conclusion of the hearing on the show cause order, the trial court ruled that Brakke's motion was not timely filed under Rule 3.2 of the North Dakota Rules of Court or otherwise. Nor had it been served or noticed for hearing. The plaintiffs then urged the court to dismiss the case with prejudice. Brakke, on the other hand, requested a ten-day continuance within which to serve and file his motion for contempt.

The trial court declined to give Brakke an extension. Instead, relying on both sides' failure to proceed, the court dismissed the complaint without prejudice and carefully explained to Brakke that he was free to commence a new action "if you still feel you have an issue here regarding the 1985 crop.... You would have to start a new case dealing with that issue. You're not prevented from doing that by my order today." Brakke has appealed from that order and raises several issues.

An order dismissing an action without prejudice is not appealable under NDCC § 28–27–02. *Johnson v. King*, 325 N.W.2d 254 (N.D.1982); *City of Minot v. Minot Highway Center, Inc.*, 120 N.W.2d 597 (N.D.1963). Because either side may commence another action, the order dismissing this action neither "determines the action" nor "prevents a judgment from which an appeal might be taken." NDCC § 28–27–02(1). Nor does the order of dismissal involve the merits of the action or some part thereof. NDCC § 28–27–02(5).

Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.