**Robert M. SMITH, Plaintiff and Appellant,**

v.

**CITY OF GRAND FORKS, North Dakota, and Chief of Police, Grand Forks, North Dakota, Defendants and Appellees.**

Civ. No. 910121.

Supreme Court of North Dakota.

Dec. 9, 1991.

Howe & Seaworth, Grand Forks, for plaintiff and appellant; argued by Henry H. Howe.

Howard D. Swanson (appearance), City Atty., of Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, for defendants and appellees; argued by Douglas W. Gigler, third year law student.

LEVINE, Justice.

Robert M. Smith appeals from a district court judgment dismissing his malicious prosecution suit against the City of Grand Forks and its chief of police. We affirm in part and vacate in part.

In June 1990, Smith sued the defendants for malicious prosecution stemming from Smith's July 1987 arrest for, and ultimate acquittal of, preventing the arrest of another in violation of NDCC § 12.1–08–02. Smith attempted to serve the City by leaving the summons and complaint with a junior accountant in the auditor's office, and the chief of police by leaving the summons and complaint with a records clerk in the police department. *Compare* NDRCivP 4(d)(2); *Brakke v. Rudnick*, 409 N.W.2d 326, 330–331 (N.D.1987); *Elliot v. Drayton Public Sch. Dist. No. 19*, 406 N.W.2d 655, 657 (N.D.1987); *Nissen v. City of Fargo*, 338 N.W.2d 655, 657 (N.D.1983); *Farrington v. Swenson*, 210 N.W.2d 82, 85 (N.D.1973). The defendants brought a "motion for summary judgment or in the alternative dismissal," asserting that they were entitled to summary judgment as a matter of law on the merits of the action

and that the court lacked personal jurisdiction over them because of insufficiency of service of process.

In his initial response to the defendants' motion, Smith asserted that genuine issues of material fact precluded entry of summary judgment and that there was no insufficiency of service of process because the defendants had "actual notice of the lawsuit." Following a hearing on the motion, Smith conceded that service of process upon the defendants was insufficient under Rule 4, and submitted to the court a proposed "order of dismissal," dismissing the action because of "an absence of personal jurisdiction over defendants." The defendants also submitted a proposed "order of dismissal" to the court, similarly dismissing the action "without prejudice."

The trial court concluded that there was an "admitted insufficiency of service of process upon the Defendants" thus "warranting dismissal of the action." However, the trial court "independently considered the merits of [Smith's] Complaint in the interest of judicial economy." The court noted that Smith had "failed to respond to the substantive issues and arguments raised by Defendants ... except to admit the insufficiency of [Smith's] own service of initial process," and that the failure to respond "is an admission that Defendant's [sic] contentions are well-founded and that summary judgment can be taken against [Smith] if otherwise appropriate to do so." The trial court determined that there "are no genuine issues as to any material fact in this case and Defendants are, as a matter of law, entitled to judgment in their favor...." The trial court dismissed Smith's claims "with prejudice," and he appealed.

Smith asserts that the trial court erred in dismissing his action with prejudice because once the court ruled that service of process was "insufficient to attach the jurisdiction" of the court, it could no longer rule on the merits of the summary judgment motion. We agree.

■ Although this court has never previously addressed the issue, we have recognized the elementary principle that "[j]urisdiction of both the subject matter and the parties is essential to the rendition of a valid judgment...." *Johnson v. Johnson,* 86 N.W.2d 647, 651 (N.D.1957). *Accord Reliable, Inc. v. Stutsman County Commission,* 409 N.W.2d 632, 634 (N.D.1987); *see also Matter of Estate of Hansen,* 458 N.W.2d 264, 268 (N.D.1990) ["A judgment is void if the court lacked subject matter jurisdiction over the action or if the court lacked personal jurisdiction over the parties."] It is also firmly established that valid service of process is necessary in order to assert personal jurisdiction over a defendant. *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991); *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir.1982); *Farrington, supra.* "Rule 4 deals extensively with service of original process, which is the means of securing jurisdiction by the court over the defendant's person or over the res. Without jurisdiction over the person or the res, the court cannot render a valid judgment, even if it has subject-matter jurisdiction." 2 J. Moore and J. Lucas, *Moore's Federal Practice,* ¶ 4.02[3], at p. 4–66 (2d ed. 1991) [Footnote omitted].

■ NDRCivP 12(b)(iv) authorizes a motion to dismiss for insufficiency of service of process. A defendant may join objections to jurisdiction under Rule 12(b) "with a motion to dismiss for failure to state a claim or any other defenses that are assertable by motion without waiving the jurisdictional defense." 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1351, at pp. 243–244 (1990) [Footnote omitted]. Thus, the defendants, by joining the motion to dismiss for insufficiency of service of process with the motion for summary judgment on the merits, did not waive their jurisdictional defense. *E.g., Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir.1968).

■ Cases which have addressed a court's authority to rule on a motion to dismiss based on the merits that has been joined with a motion to dismiss for lack of personal jurisdiction under federal Rule 12(b) or comparable state rules appear to fall into three categories. The first category involves federal district court decisions.

They routinely apply the general rule that "when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint." 5 Wright & Miller, *supra*, at p. 244 [Footnote omitted]. *See also* 2A J. Moore and J. Lucas, *Moore's Federal Practice*, ¶ 12.12, at p. 12–92 (2d ed. 1991). They reason that "the Court must first decide if it has jurisdiction over the defendants' person, for lacking this the remainder of its ruling would be wasted effort." *Willis v. Semmes, Bowen & Semmes*, 441 F.Supp. 1235, 1238 (E.D.Va. 1977). Only if the courts decide that personal jurisdiction has been established, do they reach the motion to dismiss on the merits. *E.g., Britton v. Cann*, 682 F.Supp. 110, 113 (D.N.H.1988); *Rios v. Marshall*, 530 F.Supp. 351, 367 (S.D.N.Y.1981); *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 520 F.Supp. 383, 388 (E.D.Mo.1981); *Bruce v. Fairchild Industries, Inc.*, 413 F.Supp. 914, 916 (W.D.Okla.1974); *Instituto Per Lo Sviluppo Econ. Dell' Ital. v. Sperti Prod., Inc.*, 47 F.R.D. 530, 532 (S.D.N.Y.1969).

The second category involves appellate court cases in which the trial court had ruled in favor of a defendant on a motion to dismiss on the merits but had declined to rule on the defendant's alternative motion to dismiss for lack of personal jurisdiction. The seminal case in this category is *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir.1963), in which the court vacated the judgment dismissing the complaint for failure to state a claim and remanded for consideration of the personal jurisdiction issue. The court reasoned:

> "Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim— but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice." *Arrowsmith, supra*, 320 F.2d at 221.

Based on this reasoning, several appellate courts have either vacated and remanded for consideration of the personal jurisdiction issue or disposed of the appeal on the jurisdictional issue alone. *E.g., Northwestern Nat'l Cas. v. Global Moving & Storage, Inc.*, 533 F.2d 320, 322–323 (6th Cir.1976); *Randall v. Randall*, 284 F.2d 229, 231 (D.C.Cir.1960); *Attorney General v. Industrial Nat'l Bank of R.I.*, 380 Mass. 533, 404 N.E.2d 1215, 1217 (1980). Although at least two appellate courts, confronted with the question, have affirmed dismissals on the merits without requiring resolution of the personal jurisdiction issue, neither court quarreled with the general proposition that a judgment entered by a court without personal jurisdiction is a nullity. *See Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 40–41 (1st Cir.1991); *Ruggieri v. City of Somerville*, 10 Mass. App. 43, 405 N.E.2d 982, 983–984 (1980).

The third, and smallest, category involves appellate court cases in which the trial court, as in the present case, ruled in favor of the defendant on both the motion to dismiss for lack of personal jurisdiction and the motion to dismiss on the merits. These decisions are in accord. In *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990), the court vacated the trial court's holding on the merits because the defendant "was not subject to the jurisdiction of the court, and therefore could not be personally bound by its rulings." Likewise, in *Heikkinen v. Hovinen*, 7 Mich.App. 541, 152 N.W.2d 163, 165 (1967), the court reversed the trial court's decision on the merits, reasoning that "[i]f a court is without jurisdiction, it is elemental that it cannot make further decisions in favor of either party. Dismissal for want of jurisdiction is the sum and substance of the court's power in this instance."

■ The clear import of all of these decisions was aptly summarized in *Petters v. Petters*, 560 So.2d 722, 723 (Miss.1990):

"Jurisdiction precedes adjudication. Before a court may say anything worth listening to regarding the (de)merits of a party's claim, that court must have authority to speak. That court has such authority only when the claim is one within the court's subject matter jurisdiction and *after* the court has acquired personal jurisdiction of the parties. If the court is without jurisdiction—subject matter or personal—no one is bound by anything the court may say regarding the (de)merits of the case." [Emphasis in original.]

In this case, the trial court ruled that it had not acquired personal jurisdiction over the defendants. Having so ruled, the court was without the power to further rule on the merits of the defendants' alternative motion for summary judgment.

Accordingly, we vacate that part of the judgment granting the defendants' motion for summary judgment and dismissing Smith's action with prejudice. We affirm that part of the judgment dismissing the action for lack of personal jurisdiction over the defendants.

VANDE WALLE, Acting C.J., MESCHKE, J., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.

H.F. GIERKE, J., a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.