2006 ND 83

**Mitchell S. SANDERSON, Plaintiff and Appellant**

**Jonah M. Sanderson and Madelyn R. Sanderson, Plaintiffs**

v.

**WALSH COUNTY, Bob Thomas, Sharon Martens, and M. Richard Geiger, Defendants and Appellees.**

No. 20050303.

Supreme Court of North Dakota.

April 21, 2006.

Mitchell S. Sanderson, pro se, Grand Forks, ND, submitted on brief.

Ronald F. Fischer (on brief), Pearson Christensen Cahill & Clapp, P.L.L.P., Grand Forks, ND and Daniel Lee Gaustad (on brief), Pearson Christensen Cahill & Clapp, P.L.L.P., Grafton, ND, for defendants and appellees Walsh County, Bob Thomas and Sharon Martens.

Douglas Alan Bahr, Solicitor General (on brief), Office of Attorney General, Bismarck, N.D., for defendant and appellee M. Richard Geiger.

CROTHERS, Justice.

[¶ 1] Mitchell Sanderson appeals from district court decisions dismissing without prejudice his action against various state and county officials. We hold the district court's dismissal of Sanderson's action without prejudice is appealable, and the court did not err in concluding there was insufficient service of process. We affirm.

I

[¶ 2] In March 2005, Sanderson attempted to commence an action against Walsh County, Walsh County Deputy Sheriff Bob Thomas ("Thomas"), Walsh County States Attorney Sharon Martens ("Martens"), and District Court Judge M. Richard Geiger ("Judge Geiger"). From the record, Sanderson filed an affidavit of service by mail indicating his Summons and Complaint were mailed March 9, 2005, by certified mail with return receipt and restricted delivery to Walsh County Commissioner Allen Ruzicka, Bob Thomas, Sharon Martens and Richard Geiger. Sanderson filed another affidavit of service by mail indicating the Summons and Complaint were also mailed on May 31, 2005, to the Governor of North Dakota, by certified mail with return receipt and restricted delivery, and to OMB by first-class mail. Other than the affidavits, however, the record does not contain any return receipts indicating delivery to these individuals actually occurred. Sanderson asserted numerous causes of action against the defendants including civil rights and tort claims arising out of Sanderson's divorce action and his March 2003 arrest for felonious restraint. The felonious restraint charge was later dismissed. Sanderson's complaint in this lawsuit seeks damages for actions by Thomas and Martens while employed by Walsh County and actions by Judge Geiger while employed by the State of North Dakota.

[¶ 3] Walsh County, Thomas, and Martens answered Sanderson's complaint and moved for summary judgment, seeking dismissal for lack of proper service of process. Judge Geiger also moved to dismiss, asserting the district court lacked personal jurisdiction over him due to insufficient service of process. In August 2005, the district court dismissed Sanderson's complaint without prejudice against all the de-

fendants, concluding there was insufficient service of process.

## II

■ [¶ 4] Before addressing the merits of Sanderson's appeal, we must first consider whether this Court has jurisdiction to hear his appeal. Sanderson's Notice of Appeal purports to appeal from the August 1, 2005, Order of Dismissal and Order Granting Motion for Summary Judgment. With regard to the Order of Dismissal for Judge Geiger, a subsequent judgment was entered on August 22, 2005. No judgment was entered upon the Order Granting Summary Judgment for Walsh County, Thomas, and Martens. Because there was a subsequent consistent judgment entered upon the Order of Dismissal against Judge Geiger, and the other order was obviously intended to be final, this appeal is properly before us. See Van Valkenburg v. Paracelsus Healthcare Corp., 2000 ND 38, ¶ 8 n. 1, 606 N.W.2d 908 (treating order granting summary judgment as appealable final order where order was obviously intended to be final); Greenwood, Greenwood & Greenwood, P.C. v. Klem, 450 N.W.2d 745, 746 (N.D.1990) (treating appeal from order as properly before the Court where subsequent consistent judgment was entered).

■ [¶ 5] The right to appeal in this State is governed solely by statute. Mann v. N.D. Tax Comm'r, 2005 ND 36, ¶ 7, 692 N.W.2d 490. Without a statutory basis to hear an appeal, this Court must dismiss the appeal. Id. Generally, an order dismissing a complaint without prejudice is not appealable. See Kouba v. Febco, Inc., 1998 ND 171, ¶ 4, 583 N.W.2d 810; Community Homes of Bismarck, Inc. v. Clooten, 508 N.W.2d 364, 365 (N.D.1993); Runck v. Brakke, 421 N.W.2d 487, 488 (N.D.1988). Because either party may commence another action after a civil complaint is dismissed without prejudice, an order dismissing an action without prejudice neither "determines the action" nor "prevents a judgment from which an appeal might be taken." See N.D.C.C. § 28–27–02(1). Such an order of dismissal does not involve the merits of an action or some part thereof. See N.D.C.C. § 28–27–02(5); Runck, at 488.

■ [¶ 6] We have also explained, however, a dismissal without prejudice may be final and appealable where the dismissal has the "practical effect of terminating the litigation in the plaintiff's chosen forum." See Haugenoe v. Bambrick, 2003 ND 92, ¶ 2, 663 N.W.2d 175. We have consistently held that where a statute of limitations has run, a dismissal of the entire action "effectively forecloses litigation in the courts of this state." Id. Thus, a dismissal without prejudice is appealable where a statute of limitations has run. See Beaudoin v. South Texas Blood and Tissue Center, 2004 ND 49, ¶ 7, 676 N.W.2d 103; Van Klootwyk v. Baptist Home, Inc., 2003 ND 112, ¶ 7, 665 N.W.2d 679; Jaskoviak v. Gruver, 2002 ND 1, ¶ 8, 638 N.W.2d 1.

[¶ 7] We have also held dismissals without prejudice are final and appealable where litigation is foreclosed in the state courts. See Rolette County Soc. Serv. Bd. v. B.E., 2005 ND 101, ¶ 4, 697 N.W.2d 333 (holding appealable district court's order dismissing for lack of subject-matter jurisdiction due to determination of exclusive tribal court jurisdiction); Pratt v. Altendorf, 2005 ND 32, ¶ 4, 692 N.W.2d 115 (holding appealable dismissal without prejudice where six-year statute of limitation would not bar plaintiff from bringing a subsequent action, but where certain statutory notice prerequisites to filing an action arising out of pesticide application did); Winer v. Penny Enters., Inc., 2004 ND 21, ¶ 6, 674 N.W.2d 9 (holding appealable district court's dismissal for lack of subject-matter jurisdiction over enrolled tribal members); Rodenburg v. Fargo–Moor-

*head Young Men's Christian Ass'n,* 2001 ND 139, ¶ 12, 632 N.W.2d 407 (holding appealable dismissal on grounds of lack of personal jurisdiction, particularly where the plaintiff cannot cure the defect that led to dismissal); *Triple Quest, Inc. v. Cleveland Gear Co., Inc.,* 2001 ND 101, ¶¶ 8–10, 627 N.W.2d 379 (holding appealable dismissal where application of forum selection clause permanently put plaintiff out of district court).

[¶ 8] Sanderson's complaint asserts a number of causes of action, including claims of defamation and false imprisonment, which have two-year statutes of limitation. *See* N.D.C.C. § 28–01–18(1); *O'Fallon v. Pollard,* 427 N.W.2d 809, 811 (N.D.1988). The district court's dismissal occurred in August 2005, more than two years after Sanderson's arrest. Assuming arguendo the relevant limitations period commenced with the date of Sanderson's March 2003 arrest, he would be barred for at least two causes of action. *Cf. Chromalloy American Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo.1997) (stating exceptions to general rule that dismissal without prejudice is not appealable where the dismissal operates to preclude party "from bringing another action for the same cause and may be res judicata of what the judgment actually decided" or "has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum").

[¶ 9] If this Court were to retain jurisdiction only over those claims which arguably are barred by the relevant statutes of limitations and dismiss the remaining causes of action, this would force Sanderson to proceed in a manner akin to an improper splitting of his cause of action. *See Freed v. Unruh,* 1998 ND 34, ¶ 10, 575 N.W.2d 433 (allowing plaintiff to proceed with lawsuit would be analogous to an improper splitting of cause of action); *Farmers Ins. Exchange v. Arlt,* 61 N.W.2d 429, 434 (N.D.1953) (stating when there is a single cause of action, although there may be different kinds of damages, only one suit can be brought); *Jacobson v. Mutual Ben. Health & Accident Ass'n,* 73 N.D. 108, 11 N.W.2d 442 (1943) (holding a person who has availed himself of part of single claim or obligation in action or defense is thereafter estopped from enforcing the remainder of it). *Cf. Choice Fin. Group v. Schellpfeffer,* 2005 ND 90, ¶¶ 7–9, 696 N.W.2d 504 (explaining where liability rests on the same transaction, an award of some damages, with additional damages reserved, does not constitute a separate claim under N.D.R.Civ.P. 54(b), but is simply an example of an attempt to split a cause of action). Because dismissal here will effectively foreclose some of his claims in a subsequent action, we conclude the district court's dismissal of Sanderson's entire action is appealable. We therefore turn to the merits of his appeal.

### III

[¶ 10] Sanderson asserts the district court erred in dismissing the complaint against Judge Geiger and against Walsh County and its employees based on insufficient service of process. In dismissing Sanderson's complaint, the district court construed the complaint to be against the defendants in their official capacities. The district court also took judicial notice that Judge Geiger is an elected district judge for the State, despite Sanderson's failure to name the State as a party. Prior to the district court's dismissal of Sanderson's action, he moved to file an amended complaint that named the State of North Dakota as a defendant. However, before considering Sanderson's motion to amend, the district court held that it did not have personal jurisdiction over the defendants and dismissed the entire action. We therefore confine our review to the original complaint. Sanderson's complaint re-

quests damages against the defendants "jointly and severally for all charges and violations of law for each defendants [sic] are being charged individually for their actions while employed by Walsh County, and Walsh County and the state of North Dakota as respondent [sic] superior." It is clear from Sanderson's complaint and it can not be seriously disputed that Sanderson's claims against the defendants are for actions taken in their official capacities.

[¶ 11] For purposes of valid service of process, suing state officials solely in their official capacities, as opposed to suing them in their individual or personal capacities, is tantamount to suing the State itself. *See Livingood v. Meece*, 477 N.W.2d 183, 189 (N.D.1991); *see also* N.D.C.C. § 32–12.2–03(1) (stating an action for an injury proximately caused by alleged negligence, wrongful act, or omission of state employee occurring within the scope of the employee's employment must be brought against the State). *Cf. Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999) (holding a complaint against a public official or employee must explicitly state it as being brought against the person in the person's individual capacity or else the complaint will be construed as suing the person only in the person's official capacity); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir.1998) (stating in order to sue a public official in his or her individual capacity, the plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed the defendant is sued only in his or her official capacity). Similarly, for service of process, suing county officials solely in their official capacities is tantamount to suing the county itself. *See* N.D.C.C. § 32–12.1–04(1) (stating an action for injuries proximately caused by the alleged negligence, wrongful act, or omission of an employee of a political subdivision occurring within the scope of the employee's

employment or office shall be brought against the political subdivision). Therefore, according to law Sanderson's complaint is against Walsh County and the State of North Dakota for purposes of determining sufficiency of service of process. We do not address, however, whether naming only a state or county employee as a party for actions or omissions within the scope of the employee's employment complies with either N.D.C.C. § 32–12.2–03 or § 32–12.1–04, respectively.

[¶ 12] Sanderson argues his use of certified mail in attempting service upon Walsh County and the State of North Dakota was sufficient. Sanderson asserts that Judge Geiger, and apparently later the Governor, were served by certified mail; and further, service was attempted on Walsh County Commissioner Allen Ruzicka, also by certified mail with return receipt and restricted delivery, in addition to Thomas and Martens.

[¶ 13] Under N.D.R.Civ.P. 3, an action is commenced by the service of a summons. Valid service of process, as directed by N.D.R.Civ.P. 4, is necessary for a court to acquire personal jurisdiction over a defendant. *See Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90. A party must strictly comply with the specific requirements for service of process. *Id.* Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant. *Muhammed v. Welch*, 2004 ND 46, ¶ 11, 675 N.W.2d 402. Without valid service of process, any judgment is void because the court lacks personal jurisdiction. *Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D.1991).

[¶ 14] The North Dakota Rules of Civil Procedure specifically require that an action against the State and against a political subdivision like Walsh County must be commenced by "delivering" a copy of the

summons to the appropriate person. Rule 4(d)(2), N.D.R.Civ.P., states in relevant part:

Personal service of process within the state must be made as follows:

. . . .

(E) upon a city, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board;

(F) upon the state, by delivering a copy of the summons to the governor or attorney general or an assistant attorney general and, upon an agency of the state, such as the Bank of North Dakota or the State Mill and Elevator Association, by delivering a copy of the summons to the managing head of the agency or to the attorney general or an assistant attorney general[.]

[¶ 15] The record reflects Sanderson's only attempted service on Walsh County and the State was the mailing of the summons and complaint by certified mail. Sanderson argues the word "delivering" in Rule 4(d)(2) includes service by mail. However, neither N.D.R.Civ.P. 4(d)(2)(E) nor 4(d)(2)(F) refer to, or permit, the mailing of a summons. Rather, they specifically require "delivering" a copy of the summons to the officials designated in the relevant subsections of Rule 4.

[¶ 16] In interpreting our rules of court, we apply principles of statutory construction to ascertain intent. *See State v. Lamb*, 541 N.W.2d 457, 459 (N.D. 1996); *Bickel v. Jackson*, 530 N.W.2d 318, 320 (N.D.1995). We ascertain intent by looking first to the language of the rule, where words are construed in accordance with their plain, ordinary, and commonly understood meaning. *Lamb*, at 459. If possible, we construe rules as a whole to give meaning to each word and phrase. *Id.* We also consider "the actual language, its connection with other clauses, and 'the

words or expressions which obviously are by design omitted.'" *Clapp v. Cass County*, 236 N.W.2d 850, 854 (N.D.1975). In construing statutes and rules, the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another. *Zueger v. North Dakota Workers Compensation Bureau*, 1998 ND 175, ¶ 11, 584 N.W.2d 530.

[¶ 17] Rule 4 makes a clear textual distinction between service by "delivering" and service by "mail." Specifically, N.D.R.Civ.P. 4(d)(2)(A) authorizes personal service of process of a summons upon an individual in several ways, including by "(i) *delivering* a copy of the summons *to the individual personally*;" or by "(v) *any form of mail* or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting *in delivery to that individual*[.]" (Emphasis added.) Rule 4(d)(2)(D) also authorizes service upon a domestic or foreign corporation in several ways, including by "(i) delivering a copy of the summons . . .;" or by "(iii) any form of mail or third-party commercial delivery. . . ." Those subsections plainly distinguish between personally delivering and the act of mailing and, when mailing is authorized, require the mailing to result in actual delivery. Language authorizing service of process by mailing, without proof of delivery, is conspicuously absent in both N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F).

[¶ 18] Sanderson's assertion the word "delivering" in N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) includes certified mail would render the inclusion of the specific mailing requirements under N.D.R.Civ.P. 4(d)(2)(A)(v) and 4(d)(2)(D)(iii) redundant and largely meaningless. *See Bickel*, 530 N.W.2d at 320 (stating a presumption the legislature acts with purpose and does not perform idle acts); *cf. Helmers v. Sortino*, 545 N.W.2d 796, 799 (N.D.1996) (hold-

ing, prior to the 1999 amendment of N.D.R.Civ.P. 4(d)(2)(A)(v) and 4(d)(2)(D)(iii) to allow third-party commercial delivery, that Federal Express delivery is not mail delivery); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir.1994) (holding the Rule 4 requirement of "delivery" to the appropriate United States Attorney required personal service, not service by certified mail). Furthermore, this Court stated nearly a century ago, "[T]he use of the words 'personal service,' unqualified, in a statute means actual service by delivering to the person, and not to a proxy." *McKenzie v. Boynton*, 19 N.D. 531, 536, 125 N.W. 1059, 1062 (N.D.1910). We conclude therefore that "delivering" a copy of the summons as contemplated under N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) does not include mailing, even by certified mail with return receipt and restricted delivery.

[¶ 19] From our review of the record, Sanderson did not comply with N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) to effectuate proper service on the State or on Walsh County. We hold the district court did not err in dismissing Sanderson's complaint against all the defendants for insufficient service of process.

### IV

[¶ 20] The district court decisions are affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., and ALLAN L. SCHMALENBERGER, District Judge, concur.

[¶ 22] The Honorable ALLAN L. SCHMALENBERGER, District Judge, sitting in place of MARING, J., disqualified.