2006 ND 162

**Roland C. RIEMERS, Plaintiff and Appellant**

**and**

**Jonathan P. Riemers, Plaintiff**

**v.**

**STATE of North Dakota and Douglas Herman, Defendants and Appellees.**

No. 20050433.

Supreme Court of North Dakota.

July 18, 2006.

Roland C. Riemers, pro se, Emerado, N.D., plaintiff and appellant.

Wade C. Mann, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for defendants and appellees.

CROTHERS, Justice.

[¶ 1] Roland C. Riemers appeals from a district court judgment dismissing his complaint with prejudice against the State of North Dakota and District Court Judge Douglas Herman. Concluding the district court lacked jurisdiction to adjudicate the matter based on Riemers' improper service on the State and Judge Herman, we affirm dismissal of the action but modify the judgment to dismiss Riemers' suit without prejudice.

## I

[¶ 2] This action stems from Judge Herman's rulings in one or more domestic cases in which Riemers was a party. Riemers' complaint contains allegations against numerous parties including Judge Herman, the State, and this Court. Riemers attempted to commence the action by serving process on the State and Judge Herman via certified mail with return receipt. The summons and complaint were mailed to Judge Herman, Governor John Hoeven, and Assistant Attorney General Wade Mann. Although all three receipts were signed and returned, only the third was signed by the addressee.

[¶ 3] The State moved to dismiss Riemers' complaint, and the district court issued a memorandum and order granting the dismissal for insufficient service of process and on the basis that the claims against Judge Herman were barred by judicial immunity.

[¶ 4] Riemers appeals, arguing he served process in accordance with the rules of civil procedure and his claims against Judge Herman should not be barred by judicial immunity.

## II

■ [¶ 5] Rule 4(d)(2), N.D.R.Civ.P., states, "Personal service of process within the state must be made.... (F) upon the state, by delivering a copy of the summons to the governor or attorney general or an assistant attorney general." Here, Riemers attempted to serve process on Judge Herman and the State through first-class mail with return receipt. He argues this satisfied Rule 4, as the commonly understood meaning of "delivery" does not preclude mailing, nor does it require the actual, physical transfer of a document from one person to another. We disagree.

[¶ 6] We recently explained:

Rule 4 makes a clear textual distinction between service by "delivering" and service by "mail." Specifically, N.D.R.Civ.P. 4(d)(2)(A) authorizes personal service of process of a summons upon an individual in several ways, including by "(i) *delivering* a copy of the summons *to the individual personally;* " or by "(v) *any form of mail* or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting *in delivery to that individual.*" Rule 4(d)(2)(D) also authorizes service upon a domestic or foreign corporation in several ways, including by "(i) delivering a copy of the summons ...;" or by "(iii) any form of mail or third-party commercial delivery...." Those subsections plainly distinguish between personally delivering and the act of mailing....

We conclude therefore that "delivering" a copy of the summons as contemplated under N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) does not include mailing, even by certified mail with return receipt and restricted delivery.

*Sanderson v. Walsh County,* 2006 ND 83, ¶¶ 17–18, 712 N.W.2d 842 (emphasis in original).

■ [¶ 7] The State's or Judge Herman's actual knowledge of Riemers' suit is not relevant. *See Helmers v. Sortino,* 545 N.W.2d 796, 799 (N.D.1996). Riemers did not properly serve either party, and the court therefore did not acquire personal jurisdiction over these defendants. *See Smith v. City of Grand Forks,* 478 N.W.2d 370, 371 (N.D.1991). This issue was clear on the face of the rule, was further clarified by *Sanderson,* 2006 ND 83, 712 N.W.2d 842, and is settled law. The import of the rule has only been strengthened by Riemers supplying the three return receipts, only one of which was signed by the addressee.

## III

[¶ 8] The district court dismissed, with prejudice, Riemers' complaint against all defendants due to invalid service of process. Riemers argues this was error. We agree.

[¶ 9] The order for judgment provides:

The [c]ourt, having considered the record, briefs and arguments of the parties, and having entered its Order of Dismissal dated November 3, 2005, finding the [c]ourt lacks person[al] jurisdiction over the State of North Dakota and Judge Douglas Herman due to insufficient service of process and that Plaintiffs' claims are barred by judicial immunity, makes the following order:

IT IS ORDERED AND A[D]JUDGED that the complaint against the State of North Dakota and Douglas Herman is dismissed with prejudice.

A corresponding judgment was subsequently entered.

[¶ 10] Absent personal jurisdiction, "the court is powerless to do anything beyond dismissing *without prejudice.*" *Western Life Trust v. State,* 536 N.W.2d 709, 712 (N.D.1995) (emphasis added). We held above that service upon both defendants was defective, and the district court did not have jurisdiction to adjudicate Riemers' claims against the State or Judge Herman. From this it must follow that the district court could not, under circumstances then present, consider the merits of Judge Herman's judicial immunity defense and dismiss Riemers' claim on the merits and with prejudice. Therefore, while the district court correctly dismissed the action, it erred doing so with prejudice.

[¶ 11] Riemers presents additional arguments regarding judicial immunity, which we do not reach because our conclusion that the district court did not have personal jurisdiction is dispositive of the appeal.

## IV

[¶ 12] We affirm dismissal of the action but modify the judgment to dismiss without prejudice.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.