IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 233

Susan Franciere,                                         Plaintiff and Appellant

v.

City of Mandan,                                        Defendant and Appellee

No. 20190122

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

VACATED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Susan Franciere, Mandan, ND, plaintiff and appellant; submitted on brief.

Scott K. Porsborg and Austin T. Lafferty, Bismarck, ND, for defendant and appellee; submitted on brief.

**Jensen, Justice.**

[¶1]   Susan Franciere appeals from a judgment dismissing her action against the City of Mandan seeking to obtain police department records and an award of damages for the City's failure to timely provide the requested records.  The district court dismissed the action as moot because Franciere eventually received the records she requested.  We vacate the judgment and remand for further proceedings.

I

[¶2]   On August 14, 2017, Franciere and her dog were attacked by a dog in Mandan.  On August 16, 2017, she went to the Mandan Police Department, asserted her rights under Article I, § 25 of the North Dakota Constitution, and requested a copy of the police report on the incident under the open records law.  On August 17, 2017, she called the police department and was informed the dog was undergoing a 10-day rabies quarantine.  On August 18, 2017, Franciere sent a letter to the chief of police requesting the police report.  On August 22, 2017, she received a phone call from a police lieutenant who told her she would not receive the report because the case was still active and no information would be released until the case was closed.  In September 2017, she contacted the city attorney about the incident.

[¶3]   On October 24, 2017, Franciere filed this action against the City alleging violations of Article I, § 25, and Article XI, § 6, of the North Dakota Constitution, and the open records law.  In her complaint Franciere requested judgment providing declaratory relief that she was entitled to the records she had requested, providing a Writ of Mandamus ordering the City to immediately deliver to her a copy of the requested records, a recovery of her costs and disbursements, damages of $1,000 based on her assertion the City intentionally or knowingly violated the law when it had denied her the

requested records, and any other and further relief deemed just and appropriate by the district court.

[¶4] Franciere received a redacted report of the incident from the police department on November 1, 2017. On January 13, 2018, she received an unredacted report from the police department.

[¶5] No activity is reflected in the record for an entire year following Franciere filing her complaint on October 24, 2017. On October 24, 2018, the district court sent notice that the case would be dismissed unless a request to keep the file open was filed by November 14, 2018.

[¶6] On November 14, 2018, Franciere filed a motion for summary judgment. On November 15, 2018, the City filed an answer to the complaint which included a statement the "Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the North Dakota and Federal Rules of Civil Procedure." On December 6, 2018, the City filed a response to Franciere's motion for summary judgment and initiated a cross-motion for summary judgment including an assertion the records requested were not subject to the open records law and a request to "dismiss this case for Insufficient Service of Process and Lack of Personal Jurisdiction."

[¶7] Relying on *Gosbee v. Bendish*, 512 N.W.2d 450 (N.D. 1994), the district court dismissed the action with prejudice finding as follows:

> Similarly here, this Court determines this case to be moot. Franciere was provided with an unredacted copy of the requested report on January 12, 2018.
> Franciere seeks declaratory relief, which would require this Court to issue an advisory opinion. Furthermore, Franciere seeks a Writ of Mandamus ordering the City to turn over the report. As Franciere already has a copy of the requested report, there is nothing for this Court to do.
> This Court declines to rule on whether personal jurisdiction over the City exists and whether the requested record was exempt from open records requests.

[¶8]   The district court's dismissal of Franciere's action was limited to a determination that Franciere's claims were rendered moot by the City providing her with the requested documents.  The court specifically declined to rule on the City's motion to dismiss the proceedings for insufficient service of process and lack of personal jurisdiction.

[¶9]   A party may preserve the defenses of insufficient service of process and lack of personal jurisdiction either by motion or inclusion in a timely responsive pleading.  *See* N.D.R.Civ.P. 12(h).  We have recognized that under our current rules of procedure, a special appearance is no longer necessary to contest personal jurisdiction if the lack of jurisdiction is raised in a defendant's answer.  *Kimball v. Landeis*, 2002 ND 162, ¶ 20, 652 N.W.2d 330 (citing *Moon v. Moon*, 499 N.W.2d 597, 600-01 (N.D. 1993) (stating civil rules no longer require special appearances and effectively overruling *Petition of Village Bd. of Wheatland,* 77 N.D. 194, 42 N.W.2d 321 (1950)).

[¶10] A motion for a judgment on the pleadings under Rule 12 is timely if it is brought "[a]fter the pleadings are closed—but early enough not to delay trial."  N.D.R.Civ.P. 12(c).  In the present case the City asserted the defenses listed under Rule 12 in its answer and, within two weeks of answering the complaint and prior to the initial scheduling conference, filed a motion to dismiss the case based on the defenses of insufficient service of process and lack of personal jurisdiction. We conclude the issue of personal jurisdiction was adequately preserved.

[¶11] This Court has recognized the elementary principle that it is essential to the rendition of a valid judgment that the district court have both subject matter jurisdiction over the cause of action and personal jurisdiction over the parties.  *See, e.g., Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D. 1991).  In *Smith*, the district court granted the defendant's motion to dismiss for lack of sufficient service of process and also granted summary judgment on the merits of the claim.  *Id*.  The plaintiff appealed, asserting

the district court was precluded from ruling on the merits of the action once it had concluded there was a lack of personal jurisdiction over the defendant. *Id.* We agreed, affirmed the dismissal of the action for lack of personal jurisdiction, and vacated the portion of the judgment granting summary judgment on the merits of the claim. *Id*. at 373. We summarized our holding in *Smith* with the following quote:

> "Jurisdiction precedes adjudication. Before a court may say anything worth listening to regarding the (de)merits of a party's claim, that court must have authority to speak. That court has such authority only when the claim is one within the court's subject matter jurisdiction and *after* the court has acquired personal jurisdiction of the parties. If the court is without jurisdiction—subject matter or personal—no one is bound by anything the court may say regarding the (de)merits of the case." [Emphasis in original.]

*Id. (*quoting *Petters v. Petters*, 560 So.2d 722, 723 (Miss. 1990)). *See also Western Life Trust v. State*, 536 N.W.2d 709, 712 (N.D. 1995) (court could not rule on merits and dismiss with prejudice after determining it lacked personal jurisdiction because of insufficient service of process; court was powerless to do anything beyond dismissing without prejudice).

[¶12] Here, the district court declined to rule on the City's motion to dismiss the action for insufficiency of service and lack of personal jurisdiction. Like jurisdiction, mootness is also "a threshold issue we decide before reaching the merits of the case." *Bland v. Comm'n on Medical Competency*, 557 N.W.2d 379, 381 (N.D. 1996). Because a determination of subject matter and personal jurisdiction must precede any dismissal with prejudice, the court was required to resolve the motion to dismiss for insufficiency of service and lack of personal jurisdiction before dismissing the claims with prejudice on the grounds that they were moot.

4

## III

[¶13] We vacate the judgment of the district court and remand this case for a determination of the City's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction.

[¶14] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.