# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 143

Susan Franciere,                                        Plaintiff and Appellant

v.

City of Mandan,                                        Defendant and Appellee

### No. 20200018

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by Crothers, Justice.

Susan Franciere, Mandan, ND, plaintiff and appellant; submitted on brief.

Scott K. Porsborg and Austin T. Lafferty, Bismarck, ND, for defendant and appellee; submitted on brief.

**Crothers, Justice.**

[¶1]   Susan Franciere appeals the district court judgment granting the City of Mandan's motion to dismiss for lack of personal jurisdiction due to insufficient service. Franciere argues Mandan waived its personal jurisdiction claims, the district court improperly dismissed the case with prejudice, the district court erred when it denied her motion to compel discovery, and the district court judge was biased against her. We modify the judgment for dismissal without prejudice, and affirm as modified.

I

[¶2]   The underlying facts were summarized in *Franciere v. City of Mandan*, 2019 ND 233, ¶¶ 2-6, 932 N.W.2d 907.

> "On August 14, 2017, Franciere and her dog were attacked by a dog in Mandan. On August 16, 2017, she went to the Mandan Police Department, asserted her rights under Article I, § 25 of the North Dakota Constitution, and requested a copy of the police report on the incident under the open records law. On August 17, 2017, she called the police department and was informed the dog was undergoing a 10-day rabies quarantine. On August 18, 2017, Franciere sent a letter to the chief of police requesting the police report. On August 22, 2017, she received a phone call from a police lieutenant who told her she would not receive the report because the case was still active and no information would be released until the case was closed. In September 2017, she contacted the city attorney about the incident.
>
> "On October 24, 2017, Franciere filed this action against the City alleging violations of Article I, § 25, and Article XI, § 6, of the North Dakota Constitution, and the open records law. In her complaint Franciere requested judgment providing declaratory relief that she was entitled to the records she had requested, providing a Writ of Mandamus ordering the City to immediately deliver to her a copy of the requested records, a recovery of her costs and disbursements, damages of $1,000 based on her assertion the City intentionally or knowingly violated the law when it had

denied her the requested records, and any other and further relief deemed just and appropriate by the district court.

> "Franciere received a redacted report of the incident from the police department on November 1, 2017. On January 13, 2018, she received an unredacted report from the police department.

> "No activity is reflected in the record for an entire year following Franciere filing her complaint on October 24, 2017. On October 24, 2018, the district court sent notice that the case would be dismissed unless a request to keep the file open was filed by November 14, 2018.

> "On November 14, 2018, Franciere filed a motion for summary judgment. On November 15, 2018, the City filed an answer to the complaint which included a statement the 'Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the North Dakota and Federal Rules of Civil Procedure.' On December 6, 2018, the City filed a response to Franciere's motion for summary judgment and initiated a cross-motion for summary judgment including an assertion the records requested were not subject to the open records law and a request to 'dismiss this case for Insufficient Service of Process and Lack of Personal Jurisdiction.'"

The district court declared Franciere's action moot and dismissed it with prejudice. It declined to rule on Mandan's motion to dismiss for insufficient service of process and lack of personal jurisdiction. This Court vacated the district court's judgment and remanded for determination of Mandan's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction. *Franciere*, at ¶ 13.

[¶3] Franciere moved for an extension of time and to compel discovery. Franciere requested the district court issue an order requiring Mandan to answer Interrogatory Nos. 34 and 35 and provide particular documents. The district court granted the extension of time and denied the motion to compel. Both parties briefed the personal jurisdiction issue and the district court found Franciere did not serve process on Mandan in compliance with N.D.R.Civ.P. 4(d)(2)(E). The district court granted Mandan's motion to dismiss with prejudice.

2

## II

[¶4]   Franciere argues Mandan waived any arguments regarding personal jurisdiction. Mandan argues it properly asserted and preserved its defense.

[¶5]   In *Franciere v. City of Mandan*, 2019 ND 233, ¶ 10, 932 N.W.2d 907, we concluded the issue of personal jurisdiction was adequately preserved. That determination is law of the case. *Gadeco, LLC v. Indus. Comm'n of State*, 2013 ND 72, ¶ 13, 830 N.W.2d 535. Therefore, Mandan has not waived any arguments on personal jurisdiction.

## III

### A

[¶6]   Franciere argues the district court improperly dismissed the case for lack of personal jurisdiction due to inadequate service of process.

[¶7]   Review of a district court's decision regarding personal jurisdiction over a defendant is well established:

> "Analysis of a district court's ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review. If the defendant challenges the court's [exercise of personal] jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. The plaintiff must make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction, *and if the court relies only on pleadings and affidavits, the court must look at the facts in the light most favorable to the plaintiff.* Questions of personal jurisdiction must be decided on a case-by-case basis, depending on the particular facts and circumstances."

*Solid Comfort, Inc. v. Hatchett Hosp. Inc.*, 2013 ND 152, ¶ 9, 836 N.W.2d 415 (internal citations and quotation marks omitted).

[¶8]   An elementary principle for rendition of a valid judgment is that the district court have both subject matter jurisdiction over the cause of action and

personal jurisdiction over the parties. *See, e.g.*, *Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D. 1991).

[¶9] The holding in *Smith v. City of Grand Forks*, 478 N.W.2d 370 (N.D. 1991), was summarized in Franciere's prior appeal:

> "Jurisdiction precedes adjudication. Before a court may say anything worth listening to regarding the (de)merits of a party's claim, that court must have authority to speak. That court has such authority only when the claim is one within the court's subject matter jurisdiction and *after* the court has acquired personal jurisdiction of the parties. If the court is without jurisdiction—subject matter or personal—no one is bound by anything the court may say regarding the (de)merits of the case."

*Franciere*, 2019 ND 233, ¶ 11, 932 N.W.2d 907.

[¶10] "A party must strictly comply with the specific requirements for service of process." *Sanderson v. Walsh County*, 2006 ND 83, ¶ 13, 712 N.W.2d 842. "Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant." *Id.*; *see also Riemers v. State*, 2006 ND 162, ¶ 7, 718 N.W.2d 566.

[¶11] Here, the City of Mandan was the party being served. Rule 4 of the North Dakota Rules of Civil Procedure addresses "persons subject to jurisdiction; process; and service," and states:

> "(d) **Personal service.**
> . . . .
> (2) How Service Made Within the State. Personal service of process within the state must be made as follows:
> . . . .
> (E) Serving a Municipal or Public Corporation. Service must be made on a city, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board."

[¶12] "'[D]elivering' a copy of the summons as contemplated under N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) does not include mailing, even by

4

certified mail with return receipt and restricted delivery." *Sanderson*, 2006 ND 83, ¶ 18, 712 N.W.2d 842.

[¶13] The evidence is uncontested that Franciere mailed the summons and complaint by certified mail to:

> City of Mandan
> 205 2nd Ave NW
> Mandan, ND 58554

Personal service on a city must comply with N.D.R.Civ.P. 4(d)(2)(E) and requires delivering a copy of the summons to any member of its governing board. Absent valid service of process, even knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant, and "delivery" under N.D.R.Civ.P. 4(d)(2)(E) does not include mailing, even by certified mail. *See Sanderson*, 2006 ND 83, ¶ 18, 712 N.W.2d 842; *Riemers*, 2006 ND 162, ¶ 7, 718 N.W.2d 566. Franciere did not properly deliver a copy of the summons, and therefore did not properly serve Mandan. As a result, the court did not acquire personal jurisdiction over Mandan and properly dismissed the case.

B

[¶14] Franciere argues the district court erred when it dismissed her case with prejudice. We agree.

[¶15] In *Riemers v. State*, 2006 ND 162, 718 N.W.2d 566, Riemers attempted to commence the action by serving process via certified mail with return receipt. The district court issued an order granting the dismissal for insufficient service of process. Riemers appealed, arguing he served process in accordance with the Rules of Civil Procedure. This Court held service was improper and "[a]bsent personal jurisdiction, 'the court is powerless to do anything beyond dismissing *without prejudice*.'" *Id.* at ¶ 10. The Court stated, "Therefore, while the district court correctly dismissed the action, it erred doing so with prejudice." *Id.*

5

[¶16] Like *Riemers*, this case was correctly dismissed, but the district court erred in doing so with prejudice. We affirm dismissal for lack of personal jurisdiction as modified to dismiss without prejudice.

IV

[¶17] Franciere argues the district court erred when it denied her motion to compel discovery.

[¶18] A "district court has broad discretion regarding the scope of discovery, and the court's discovery decisions will not be reversed on appeal unless the court abuses its discretion." *Krueger v. Grand Forks Cty.*, 2014 ND 170, ¶ 13, 852 N.W.2d 354 (citing *Lynch v. New Pub. Sch. Dist. No. 8*, 2012 ND 88, ¶ 23, 816 N.W.2d 53). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id*. "'An abuse of discretion by the district court is never assumed, and the burden is on the party seeking relief affirmatively to establish it.'" *Id*. (quoting *Leno v. K & L Homes, Inc*., 2011 ND 171, ¶ 23, 803 N.W.2d 543). The party seeking relief must show that the court positively abused its discretion and not that the court made a "poor" decision. *Krueger*, at ¶ 13 (citing *Lynch*, at ¶ 23).

[¶19] Here, the district court stated:

> "Plaintiff Franciere clearly misunderstands the Amended Order of this Court dated October 4, 2019[,] [DE 89] and appears not to have read closely the specific remand language of *Franciere v. City of Mandan*, 2019 ND 233 at ¶ 13. In apparent response to the specific directive of this Court Plaintiff Franciere ignore[d] the directive of this Court and instead files two motions, a *Motion to Compel* [DE 90] and a *Motion for Extension of Time*. [DE 103]
> "Plaintiff Franc[]iere is attempting to take advantage of the very specific remand directed by the North Dakota Supreme Court in order to pursue discovery motions. . . . The reasons she offers for an extension [DE 104] are nothing more than a request to delay the process in order to conduct discovery on what she believes are

6

remaining substantive issues in her case. That was not the mandate upon remand by the North Dakota Supreme Court.

. . . .

"She completely ignored briefing the specific issues on remand, specifically **'a determination of the City's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction.'**

. . . .

"This Court intends to do exactly what Justice Jensen has directed in his opinion. It will make **'a determination of the City's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction.'** [emphasis added] *Franciere v. City of Mandan*, 2019 ND 233 at ¶ 13. And that determination can be made on the record and based upon legal argument presented by the parties. It is not dependent on factual discovery."

[¶20] We remanded the case to determine personal jurisdiction. *Franciere*, 2019 ND 233, 932 N.W.2d 907. Therefore, the district court had no legal authority to determine anything other than the jurisdiction question. *Smith*, 478 N.W.2d 370, 371, 373 (N.D. 1991); *see King v. Menz*, 75 N.W.2d 516, 521 (N.D. 1956) ("There being no service on the defendant the trial court had no jurisdiction to make any order in regard to the issue raised by the complaint."). Until jurisdiction is decided, the court can only determine issues regarding jurisdiction. This includes resolving discovery requests if aimed at resolving that question. *Smith*, at 373.

[¶21] In the brief supporting her motion to compel jurisdictional discovery Franciere requested the district court order that Mandan provide answers for Interrogatory Nos. 34 and 35 and provide documents. Interrogatory No. 34 requested, "Identify all individual(s) with the City who gave approval to use of the services of SPSAM & S for the above-titled action against the City." Interrogatory No. 35 requested, "Identify all individual(s) with the City who discussed with SPSAM & S the above-titled action against the City." Franciere also requested Mandan, "Produce all [d]ocuments identifying who gave approval to retain the services of SPSAM & S for this civil action," and

7

"[p]roduce all [d]ocuments listing the fees and any other costs approved for services by SPSAM & S for this civil action."

[¶22] These discovery requests do not relate to personal jurisdiction, therefore the district court did not abuse its discretion by denying Franciere's motion to compel discovery.

V

[¶23] Franciere alleges multiple instances of misconduct by the district court. These claims are made for the first time on appeal.

[¶24] "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Spratt v. MDU Res. Grp., Inc.,* 2011 ND 94, ¶ 14, 797 N.W.2d 328 (internal citations and quotation marks omitted). "We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal. The failure to raise the issue of judicial bias in the trial court precludes our review on appeal." *Molitor v. Molitor*, 2006 ND 163, ¶ 12, 718 N.W.2d 13 (citing *Wenzel v. Wenzel,* 469 N.W.2d 156, 158 (N.D. 1991). Because alleged judicial bias was not raised in the district court, we will not address it for the first time on appeal.

VI

[¶25] We affirm the judgment granting dismissal based on lack of personal jurisdiction due to insufficient service as modified to dismiss without prejudice, affirm the denial of Franciere's motion to compel discovery, and decline to address the misconduct issue raised for the first time on appeal.

[¶26] Daniel J. Crothers
    Jerod E. Tufte
    Gerald W. VandeWalle
    Jon J. Jensen, C.J.
    Lisa Fair McEvers

8