**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2353
_____

WARDELL LEROY GILES,

Appellant

v.

GARY CAMPBELL;
ROBERT J. CASSASE; and
OFFICER CHARLES STEELE

_____

On Appeal from the United States District Court
for the District of Delaware
(No. 02-cv-01674)
District Judge: Hon. Sue L. Robinson

Argued April 10, 2012

Before:  AMBRO, CHAGARES, and HARDIMAN, <u>Circuit
Judges</u>.

(Filed: October 16, 2012)

Thomas W. Hazlett, Esq. (argued)
Carl A. Solano, Esq.
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103

<u>Counsel for Appellant Wardell Leroy Giles</u>

Ryan P. Connell, Esq. (argued)
Marc P. Niedzielski, Esq.
Delaware Department of Justice
820 North French Street
Carvel Office Building, 6th Floor
Wilmington, DE 19801

Counsel for Appellees Gary Campbell, Robert J. Cassase and
Charles Steele

_____

OPINION

_____

CHAGARES, Circuit Judge.

Wardell Leroy Giles appeals the District Court's denial of his motion to substitute Gary Campbell's estate as a defendant pursuant to Federal Rule of Civil Procedure 25(a). For the reasons that follow, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

I.

Giles was a prisoner serving time in the Delaware penal system at all times pertinent to this appeal. Campbell was a sergeant at the Sussex Correctional Institution in Georgetown, Delaware. Giles brought excessive force and deliberate indifference claims under 42 U.S.C. § 1983 against officers including Campbell based on a confrontation that occurred during Giles's transfer to the Sussex Correctional Institution on November 27, 2001, and against other defendants regarding his medical treatment after the incident. Giles v. Kearney, 571 F.3d 318, 323 (3d Cir. 2009). The specific allegations of the confrontation and Giles's subsequent medical treatment are detailed in our prior opinion and are not necessary to our resolution of the issues currently on appeal. Id. at 323-24.

2

On June 28, 2004, the District Court granted summary judgment in favor of several defendants, including Campbell, on the basis that they were entitled to qualified immunity. The District Court held a bench trial on Giles's claims against the remaining defendants and entered judgment in favor of those defendants.

Giles appealed and this Court reversed the District Court's grant of summary judgment and remanded for trial. Id. at 327-29. On remand, on October 22, 2009, the Delaware Department of Justice ("the Government"), which had represented Campbell and continued to represent the other defendants whose case was revived on remand, filed a suggestion of death, informing the District Court that Campbell had died in July 2006. On December 14, 2009, Giles moved under Federal Rule of Civil Procedure 25(a)(1) to substitute Wendy Selby, the administratrix of Campbell's estate, as a defendant. Neither the suggestion of death nor the motion to substitute was served on the estate. The District Court denied the motion to substitute, holding that Giles's claim was not pending under Delaware law and was therefore extinguished, and ordered Campbell's name removed from the caption. Giles proceeded to trial against the remaining defendants and the jury found in favor of the defendants. Giles then filed this appeal.[1]

II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291.

This Court reviews the District Court's denial of Giles's motion to substitute Campbell's estate for abuse of discretion. McKenna v. Pac. Rail Serv., 32 F.3d 820, 836-37 (3d Cir. 1994). However, this Court exercises plenary review of the District Court's interpretations of the Federal Rules of Civil Procedure and legal conclusions. Singletary v. Penn. Dep't of Corrs., 266 F.3d 186, 193 (3d Cir. 2001); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

---

[1] We note with gratitude that Giles was represented in this matter by pro bono counsel.

## III.

Federal Rule of Civil Procedure 25(a) provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

We address first the issue of whether Giles's claim against Campbell was extinguished pursuant to Rule 25(a)(1) after Campbell's death. Second, we address whether the District Court had personal jurisdiction over Campbell's estate when it was not served by either party pursuant to Federal Rule of Civil Procedure 4, as was required by Rule 25(a)(3).

## A.

4

When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished.

The substantive law applied to determine whether a claim is extinguished is not supplied by Rule 25, because, as the Supreme Court has noted, Rule 25 "'does not resolve the question [of] what law of survival of actions should be applied . . . . [It] simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death.'" Robertson v. Wegmann, 436 U.S. 584, 587 n.3 (1978) (alterations and emphasis in original) (quoting Robertson v. Wegmann, 545 F.2d 980, 982 (5th Cir. 1977)). The Supreme Court in Robertson held that pursuant to 42 U.S.C. § 1988, where federal law is "'deficient,'" courts are "to turn to 'the common law, as modified and changed by the constitution and statutes of the [forum] State,' as long as these are 'not inconsistent with the Constitution and laws of the United States.'" Id. at 588 (quoting § 1988). The Court in Robertson noted that "'the survival of civil rights of actions under § 1983 upon the death of either the plaintiff or defendant'" was an area not covered by federal law. Id. at 589 (quoting Moor v. County of Alameda, 411 U.S. 693, 702 n.14 (1973)). In Robertson, the Louisiana survival statute allowed claims to survive only in favor of a spouse, children, parents or siblings. Id. at 587. The Supreme Court held that "[d]espite the broad sweep of § 1983, we can find nothing in the statute or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship." Id. at 590-91. The Supreme Court held that the "policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law" and that the Louisiana survivorship laws were not inconsistent with those policies. Id. at 591.

In this case, it is undisputed that the forum state is Delaware, so the District Court properly examined Delaware's law of survivorship to determine whether Giles's claim against Campbell was extinguished. Under Delaware law, claims that arise before the death of the decedent are

5

barred against the estate unless they are presented to the estate within eight months of the death of the decedent. Del. Code Ann. tit. 12, § 2102(a). However, Delaware law also provides that "[n]o presentation of claim is required in regard to matters claimed in proceedings against the decedent which were <u>pending</u> at the time of the decedent's death." <u>Id.</u> § 2104(2) (emphasis added). Like the Louisiana survival statute at issue in <u>Robertson</u>, the Delaware survival scheme is "not inconsistent with the Constitution and laws of the United States," and should apply in this case pursuant to § 1988.

Because Giles did not present his claim to the estate within eight months of Campbell's death under § 2102(a), for his claim to survive, it must have been "pending" at the time of Campbell's death under § 2104(2). The District Court found that Giles's claim was not pending at the time of Campbell's death because it had granted summary judgment in Campbell's favor and that decision had not yet been overturned by this Court.

The District Court relied on <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000), for the proposition that "[a]n action or suit is pending from either the filing of a complaint or service of summons until the rendition of a final judgment." Appendix 5. However, the District Court erroneously concluded that the grant of summary judgment in Campbell's favor was a final judgment. <u>Swartz</u> addressed the question of whether an appeal was "pending" to toll the statute of limitations for filing a federal habeas claim. Importantly, <u>Swartz</u> held that "'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought." <u>Id.</u> at 421.

Applying <u>Swartz</u> to this case requires a finding that Giles's suit was still pending against Campbell. Giles could not appeal the summary judgment dismissing Campbell, as it was not a final order since there were remaining claims and defendants. Giles appealed the District Court's summary judgment order at the earliest possible moment he could.

To hold otherwise would require Giles to have filed an interlocutory appeal of the District Court's summary judgment ruling in order to protect his claim against

6

Campbell from the possibility of Campbell's death before the claims against the other parties were resolved. We have jurisdiction under 28 U.S.C. § 1291 to review a "final decision," which this Court has defined as "'one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" Harris v. Kellogg Brown & Root Servs., Inc., 618 F.3d 398, 400 (3d Cir. 2010) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). This Court has explained that the goal of the finality rule is to avoid piecemeal litigation. Id. at 403. The District Court's order granting summary judgment to Campbell was not a final order because it terminated fewer than all the claims and parties. Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476 (3d Cir. 2006); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") (emphasis added); Del. Super. Ct. R. 54(b) (same).

Since Giles's claim against Campbell was pending under Delaware law at the time of Campbell's death, no presentation of the claim was required, and the claim is not barred under Delaware law.[2] Thus, Giles's claim against

---

[2] The Government also argues that Giles's claim against the estate is time-barred by Del. Code Ann. tit. 10, § 8113, which extends the time to file a claim against an estate by six months from the date of the decedent's death if the time to file the action had not expired during the decedent's lifetime. Section 8113 further provides that if a claim is filed within the proper time with the estate but is then rejected, the estate may not raise a statute of limitations defense so long as the plaintiff commences an action within three months of being notified of the estate's rejection. Section 8113 is inapplicable to this case and is aimed at claims that have not already been brought. This section deals with claims that "the time within which the action could have been brought had not expired in the lifetime of the decedent" (emphasis added), and extends the statute of limitations for those claims. Giles had already brought his claim against Campbell, and, as discussed above,

7

Campbell was not extinguished by Campbell's death and we will vacate the District Court's decision to the contrary.

B.

We turn next to the question whether the District Court had personal jurisdiction over Campbell's estate.

Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 5 for parties and pursuant to Rule 4 for nonparties. Campbell's executrix, representing his estate, is a nonparty to Giles's lawsuit and, thus, must have been served pursuant to Rule 4. See Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990) (holding that, under Rule 25, the service required "on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4"); Ransom v. Brennan, 437 F.2d 513, 518-19 (5th Cir. 1971); 7C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1965 (3d ed. 2007) ("[T]he procedures of Rule 4 must be followed in serving the motion on the representative or successor of a deceased party."). However, the Government failed to serve its suggestion of death on the estate pursuant to Rule 4 and Giles likewise failed to serve his motion to substitute on the estate pursuant to Rule 4.

Giles argues that while he did not serve Campbell's estate, his motion to substitute was nonetheless properly served because it was served upon "Campbell's counsel." Giles Letter Br. 1, Feb. 15, 2012. Indeed, the Government, which represented Campbell before his death, opposed Giles's motion to substitute Campbell's estate in District Court and filed a brief in response to Giles's opening brief in this appeal.

Giles's argument is foreclosed by our decision in Bass v. Attardi, 868 F.2d 45 (3d Cir. 1989). In Bass, a defendant (Carr) died during the pendency of the litigation and the attorney who had represented Carr contended that he

that claim was pending at Campbell's death, so no presentation to the estate was required pursuant to § 2104(2).

8

continued to represent him. Id. at 50 n.12. The attorney in Bass filed a suggestion of death on behalf of Carr (and another deceased defendant), and argued that the case against Carr should be dismissed because the plaintiff did not timely move to substitute the defendant's estate. Id. We rejected the attorney's arguments at the outset, because "[c]ounsel's attorney-client relationship with Carr ceased at Carr's death." Id.; see also Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985) ("The attorney's agency to act ceases with the death of his client . . . and he has no power to continue or terminate an action on his own initiative."). [3] We concluded our analysis by noting that the suggestion of death "was deficient because the suggestion was not served on the decedents' successors or representatives as required by Fed. R. Civ. P. 25(a)." 868 F.2d at 50 n.12.

Applying Bass, we hold that the Government's representation of Campbell ended when he died. We note that there is no evidence that the Government thereafter began representing Campbell's estate. Accordingly, the parties were required to — and failed to — serve Campbell's estate pursuant to Rule 4. We hold that the District Court lacked personal jurisdiction over the estate. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 570 (3d Cir. 1996) (holding that personal jurisdiction is not conferred if service under Rule 4 is not properly effected); Ransom, 437 F.2d at 519 (same).

Two cases from other Courts of Appeals support our conclusion. In Ransom v. Brennan, the plaintiff filed a breach of contract case in district court pursuant to the court's diversity jurisdiction against defendant Brennan, who died during the pretrial stages. Id. at 515. Brennan's counsel Kline suggested his death on the record and, within ninety days, the plaintiff moved to substitute Brennan's executrix. Id. However, the plaintiff served the motion only on Kline under Federal Rule of Civil Procedure 5, not on the executrix under Rule 4. Id. The district court granted the motion to

---

[3] The Bass court removed counsel for the deceased defendant from the docket of the case as representing him, since the defendant had died. 868 F.2d at 50 n.12. We will do the same and list the Government as representing only Cassase and Steele.

substitute, but several months later the executrix, through Kline, moved to dismiss for lack of personal jurisdiction. Id. at 516. The district court held it had jurisdiction over the executrix because Brennan had been validly served, so it was unnecessary to "reacquire" jurisdiction over the substituted party. Id. The Court of Appeals for the Fifth Circuit examined Rules 4 and 5 and reversed, holding that while Rule 5 is "clerical and administrative in nature" and applies to papers filed after the complaint, Rule 4 is "jurisdictionally rooted." Id. at 516-17. Service under Rule 5, therefore, cannot be substituted for service under Rule 4. Id. at 518. The Ransom court rejected the plaintiff's argument that Kline's subsequent appearance on behalf of the estate and the fact that the executrix had actual notice meant that the service requirements in Rule 25(a)(3) could be relaxed. Id. at 519.[4] The court concluded that the district court lacked personal jurisdiction over the executrix, id., and, thus, reversed the district court's grant of the motion to substitute. Id. at 522.

Similarly, in Atkins v. City of Chicago, 547 F.3d 869, 874 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit held that

> [t]he case law makes clear that with the inapplicable exception [of where the opposing party files the suggestion of death and does not know who the successor is], notice to the lawyers, service on the lawyers, knowledge of all concerned — nothing will suffice to start the 90-day clock running except service on

---

[4] We likewise reject the Government's argument that Giles's comment during the November 2006 bench trial that he had "heard" Campbell had died, Trial Tr. 32-33 vol. A, November 29, 2006, meant that Giles had actual notice of Campbell's death. Rule 25(a)(3) requires service on nonparties pursuant to Rule 4, so Giles's knowledge, or lack thereof, of Campbell's death does not affect our analysis. In addition, we note that the Government continued to represent Campbell throughout the bench trial and first appeal in this case without filing a suggestion of death on the record and then failed to serve its suggestion of death on the estate when it did file the suggestion on remand.

whoever is identified as the decedent's representative or successor.

The Atkins court went on to hold that a motion to substitute filed without serving the personal representative of the deceased plaintiff's estate was "a nullity." Id.

Because neither the Government nor Giles served the estate pursuant to Rule 4, we will treat their filings as nullities, see Atkins, 547 F.3d at 874, and conclude that the District Court lacked personal jurisdiction over the estate. Thus, we will vacate the District Court's denial of Giles's motion to substitute and remand for Giles to have an opportunity to refile his motion to substitute and serve the estate.[5]

IV.

For the foregoing reasons, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

---

[5] We note that if the Government refiles its suggestion of death and serves the estate pursuant to Rule 4, it would trigger the ninety-day time limit set forth in Rule 25(a)(1). See Barlow, 39 F.3d at 233-34 ("[W]e hold that the 90 day period provided by Rule 25(a)(1) will not be triggered against Barlow's estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4."); Grandbouche, 913 F.2d at 836-37 (10th Cir. 1990) (holding that service of the suggestion of death on counsel for the deceased plaintiff was insufficient because Rule 25 required personal service on the estate, as a nonparty, and so the ninety-day limit in Rule 25(a)(3) had not begun to run); Rende v. Kay, 415 F.2d 983, 985-86 (D.C. Cir. 1969) (holding a suggestion of death filed by the attorney of the deceased client that did not name his widow, who was the executrix of his will, was not sufficient to trigger the ninety-day period for filing a motion to substitute under Rule 25(a)(1)).