**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1015
_____

CORNELIUS A. BADGER, JR.; QUINTON KENNEDY; ZIKIYYAH JACKSON;
DONALD THOMAS; SABRINA SHORTS; GOLDIE HEMMINGWAY; AARON L.
JOHNSON; GILBERT HARDY; BENTON CAMBRIDGE, IV; JAMES HORTON;
MIKAIL ABDUL-KARIM; MAVERICK MITCHELL; ERIC CARTER

v.

STRYDEN, INC, a/k/a Stryden Corp.; NOVOS ASSOCIATES, LLC.;
MAJOR LOGISTICS, LLC.

Cornelius A. Badger, Jr.; Sabrina Shorts; Aaron L. Johnson; Benton Cambridge, IV;
Maverick Mitchell; Eric Carter,*
                                        Appellants

*(Amended pursuant to the Clerk's order entered March 14, 2013)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:09-cv-03619)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2013

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 5, 2013)

_____

OPINION
_____

PER CURIAM

Cornelius A. Badger, Jr., Benton Cambridge, IV, Eric Carter, Aaron L. Johnson, Maverick Mitchell, and Sabrina Shorts — all of whom are proceeding pro se — appeal from the District Court's order denying reconsideration of an earlier order and dismissing their employment discrimination lawsuit without prejudice to their ability to pursue administrative remedies. For the reasons that follow, we will dismiss the appeal in part, vacate the District Court's judgment in part, and remand for further proceedings.

I.

The procedural history of this case is long and convoluted. Because we write primarily for the parties, we discuss that history only to the extent needed to resolve this appeal. In 2009, Badger filed a pro se employment discrimination complaint in the District Court against his former employer, Stryden, Inc. ("Stryden"). The following year, attorney William T. Coleman III, together with the law firm Sidney L. Gold & Associates, P.C. ("Gold & Associates"), obtained the District Court's permission to file an amended complaint on behalf of Badger and twelve additional plaintiffs. Stryden subsequently moved to dismiss a subset of the amended claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiffs opposed that motion.

While Stryden's motion was pending, Gold & Associates withdrew from the case, and Coleman's representation was terminated as to Badger, Carter, and Mitchell. Going forward, those three plaintiffs proceeded pro se, while Coleman continued to represent the other ten plaintiffs.

2

On June 29, 2012, the District Court entered an order that, inter alia, granted Stryden's motion for partial dismissal. That partial dismissal, however, did not have the effect of dismissing any *parties* from the case. On November 13, 2012, Badger, purporting to act "for myself and on behalf of the preponderance of the additional plaintiffs," filed a pro se "Motion for re-consideration [sic] and/or remand to the PHRC [(Pennsylvania Human Relations Commission)]." Therein, Badger argued that the dismissed claims should be reinstated and that, if the District Court concluded otherwise, "the preponderance of plaintiffs join(s) me in requesting that this complaint be remanded to the . . . [PHRC], with explicit instructions to investigate Stryden's employment practices in the dates already specified in this complaint . . . ." In Badger's accompanying memorandum, he argued, inter alia, that plaintiffs Shorts and Donald Thomas "must be separated from this lawsuit [because] . . . [t]hey obviously are easily manipulated, and have their own agendas." Also accompanying the motion were "Notice[s] of Withdrawal of Appearance" signed by plaintiffs Cambridge, Johnson, Zakiyyah Jackson,[1] and Gilbert Hardy, all of whom apparently wanted Coleman to be removed as counsel.

On November 30, 2012, the District Court entered an order denying Badger's motion. In that same order, however, the court held that "[u]pon consideration of Plaintiffs' representations, the above-captioned matter is DISMISSED WITHOUT PREJUDICE in order that Plaintiffs may pursue administrative resolution as they see fit."

---

[1] Jackson's first name was spelled "Zikiyyah" and "Zikkiyyah" in the amended complaint.

Badger, again purporting to act on behalf of other plaintiffs, timely appealed from the District Court's November 30, 2012 order. Upon receiving Badger's notice of appeal, the Clerk of this Court issued an order stating that, if the other plaintiffs wished to join the appeal, each would need to personally sign the notice of appeal and return it to the Clerk's Office. The order further stated that failure to comply with this directive would result in the dismissal of the appeal as to each non-complying plaintiff. In the weeks that followed, Cambridge, Carter, Johnson, Mitchell, and Shorts, all proceeding pro se, filed signed copies of the notice of appeal. As for the seven plaintiffs who did *not* file a signed notice of appeal, the Clerk dismissed those individuals from this appeal.

After the Clerk issued a briefing schedule, all of the remaining parties to this appeal except Cambridge submitted briefing. The appeal is now ready for disposition.

II.

As an initial matter, we will dismiss Cambridge from this appeal for failure to prosecute in light of his failure to file a brief. See 3d Cir. LAR Misc. 107.2(b). As for the balance of this appeal, we must begin by determining whether we have jurisdiction to consider it.

Under 28 U.S.C. § 1291, our appellate jurisdiction is limited to "final decisions of the district courts." A decision is "final" when it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Giles v. Campbell, 698 F.3d 153, 157 (3d Cir. 2012) (quotation marks omitted). Although the District Court's November 30, 2012 order dismissed this case *without* prejudice, that order nevertheless constitutes a "final decision" under § 1291. We have previously noted that "[e]ven

4

dismissals without prejudice have been held to be final and appealable if they end the suit so far as the District Court was concerned." GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198 n.3 (3d Cir. 2001) (quotation marks omitted). That is the case here. The District Court's order gave no indication that the court intended to retain jurisdiction over the case; nor did the order permit reinstatement of the case or contemplate the possibility of further proceedings before the court. Additionally, although the District Court's dismissal permitted the plaintiffs to pursue their claims elsewhere — i.e., by seeking some unspecified "administrative resolution" — that fact does not prevent the order from being deemed a final decision.[2] Cf. Blair v. Scott Specialty Gases, 283 F.3d 595, 602 (3d Cir. 2002) (concluding that "even though the District Court's order dismissed this case without prejudice and directed the parties to proceed with arbitration, the order was final and appealable"). Accordingly, we have jurisdiction over this appeal pursuant to § 1291.

## III.

That we have jurisdiction over this appeal does not mean that the scope of our review is boundless. "We have held on numerous occasions that an issue is waived unless a party raises it in [his or her] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." Skretvedt v. E.I. Dupont de Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004) (internal quotation marks omitted). This waiver rule applies not only to counseled litigants, but also to pro se

---

[2] Because this case does not involve a *remand* to an administrative agency, the general principle that "district court orders remanding cases to administrative agencies are not final and appealable," Bhd. of Maint. of Way Emps. v. Consol. Rail Corp., 864 F.2d 283, 285 (3d Cir. 1988), does not apply here.

litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (3d Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citations omitted).  Waiver may be excused only in "extraordinary circumstances."  See United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011).

Here, Badger and Carter collectively filed a 3-page opening brief, Johnson and Mitchell filed identical versions of that brief, and Shorts filed a brief that simply refers the reader to "the Badger Documents case # 13-1015."  None of this briefing even mentions the District Court's order denying reconsideration and dismissing the case without prejudice, let alone raises a challenge to that decision.[3]  Accordingly, our ability to review any aspect of that order turns on whether this case presents extraordinary circumstances.  We consider that issue below.

As we have previously explained, the following factors are to be considered in determining whether "extraordinary circumstances" are present:  "'[(1)] whether there is some excuse for the failure to raise the issue in the opening brief; [(2)] how far the opposing party would be prejudiced; and [(3)] whether failing to consider the argument would lead to a miscarriage of justice or undermine confidence in the judicial system.'"  Id. (quoting Kane v. Town of Harpswell (In re Kane), 254 F.3d 325, 331 (1st Cir. 2001)).  This last factor

---

[3] Although the briefing submitted by Badger, Carter, Johnson, and Mitchell stated that they "would like [their] complaint re-instated," we conclude that, even under a liberal standard, this bald request for relief does not raise any challenge to the District Court's order.

6

is somewhat similar to the plain error rule, which is applied in the context of appeals from criminal trials, and allows appellate courts to consider defects at the trial level even when the defendant has failed to lodge an appropriate objection. In other words, we may consider an issue, despite the fact that it was improperly raised on appeal, if the District Court plainly erred in such a way as to affect the appellant's substantial rights. Even where plain error exists that affects substantial rights, our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

Id. at 196 (internal quotation marks and citations omitted). "An error is considered to have affected substantial rights when it affected the outcome of the district court proceedings." United States v. Shavers, 693 F.3d 363, 395 (3d Cir. 2012) (internal quotation marks omitted).

In this case, there is no apparent excuse for Appellants' failure to brief a challenge to the District Court's November 30, 2012 order. On the other hand, we are not persuaded that Stryden would be significantly prejudiced by our review of that order. Ultimately, though, the balancing of the factors here hinges on the miscarriage of justice factor. We now turn to that factor.

As noted above, the District Court dismissed this action based on "Plaintiffs' representations." But those "representations" — ostensibly the motion for reconsideration's request to remand the matter to the PHRC — were not made by all of the plaintiffs. Rather, they were made only by Badger.[4] Furthermore, even setting aside

---

[4] Even if the four plaintiffs whose signed documents indicating their desire to have Coleman withdraw as their counsel could be viewed as having implicitly joined Badger's motion for reconsideration, that motion still did not speak for all thirteen plaintiffs.

7

the fact that Badger, a non-lawyer proceeding pro se, could not speak on behalf of his fellow plaintiffs, see 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); cf. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991) (holding that the appellant, a non-attorney proceeding pro se, could not represent his children in federal court), it was clear from his motion that his interests diverged from at least some of the other plaintiffs. Indeed, his motion went so far as to seek to sever plaintiffs Shorts and Thomas from the lawsuit.

Even if the District Court's order had dismissed only Badger's claims from the case, that disposition still would have been problematic. It is evident from Badger's motion for reconsideration that he was confused and/or misinformed about the available avenues of relief, for a "remand" to the PHRC was simply not an available option in this case. Given that apparent confusion, and in light of his pro se status, the District Court would have been well-advised to either seek clarification of Badger's wishes or simply deny that request for relief. Instead, the District Court disposed of this case in a way that (1) did not grant any of the relief that Badger was seeking, and (2) resulted in his losing (and the other plaintiffs' losing) the ability to proceed in federal court with the claims that survived Stryden's motion for partial dismissal. Although the District Court's dismissal does not prevent Badger and the other plaintiffs from pursuing "administration resolution as they see fit," the passage of time since their claims arose — those claims are now several years old — may nevertheless bar them from pursuing administrative relief.

In light of the above, we conclude that the District Court "plainly erred in such a way as to affect the appellant[s]' substantial rights." Albertson, 645 F.3d at 196. We

8

further conclude that this error seriously affected the fairness of these judicial proceedings. See id. Accordingly, this case presents extraordinary circumstances that warrant our review of the District Court's decision to dismiss this case. In light of the aforementioned defects inherent to that dismissal, we will vacate the District Court's November 30, 2012 order *in part*[5] and remand the matter to the District Court for further proceedings.[6] In doing so, we again note that not all of the plaintiffs have appealed here, and we leave it to the District Court in the first instance to determine which plaintiffs may proceed on remand. Badger's motion to expedite is denied. To the extent that motion also requests various, discovery-related relief, those requests are denied without prejudice to his ability to present them to the District Court on remand. Badger's motion to compel Stryden and certain non-parties to respond to certain discovery requests is also denied without prejudice to his ability to present that motion to the District Court on remand. Finally, to the extent that Badger requests that Stryden's response brief be "dismissed and rejected," that request is denied.

---

[5] For substantially the reasons set forth in the District Court's June 29, 2012 order, we cannot conclude that the District Court plainly erred in denying Badger's motion to reconsider that order. Accordingly, we find no reason to excuse Appellants' failure to brief a challenge to that aspect of the District Court's November 30, 2012 order, and we thus deem that challenge waived.

[6] We note that certain appellants' briefing *does* present arguments — albeit undeveloped ones — that concern issues apart from those related to the District Court's November 30, 2012 order. Specifically, Badger, Carter, Johnson, and Mitchell take issue with their former counsel's performance, highlight errors that the District Court allegedly made earlier in the litigation, and lament the fact that other actions brought against Stryden (at different points in time and/or in other jurisdictions) apparently resulted in different outcomes than the outcome in this case. Although we have considered these arguments, we conclude that none warrants disturbing any of the District Court's decisions that preceded its November 30, 2012 order.