**Erik GOTHBERG, Plaintiff,**

**v.**

**TOWN OF PLAINVILLE, Matthew Catania, Jon Eno, Dean Cyr, Robert James Naccarato, Esq. Administrator, Town of Southington, Michael Shanley, Jay Suski, and Scott Wojenski, Defendants.**

**No. 3:13–CV–01121(CSH).**

United States District Court, D. Connecticut.

Signed March 4, 2015.

Charles K. Thompson, Jr., Jeremiah J. O'Connor, Thompson, O'Connor & Associates, Meriden, for Plaintiff.

Dennis M. Durao, James Newhall Tallberg, Karsten & Tallberg, LLC, West Hartford, for Defendants Town of Plainville, Matthew Catania, Jonathan Eno, Dean Cyr, and Robert James Naccarato Esq.

Kristan M. MacCini, Thomas R. Gerarde, Howd & Ludorf, Hartford, for Defendants Town of Southington, Michael Shanley, Scott Wojenski, and Jay Suski.

### RULING ON MOTIONS AND NOTICE OF HEARING

HAIGHT, Senior District Judge:

Pending before the Court are Plaintiff Erik Gothberg's motion to substitute pursuant to Rule 25 of the Federal Rules of Civil Procedure (doc. 71) and motion for enlargement of time (doc. 76) until thirty days after the Court assigns a hearing date on the motion to substitute to serve the notice of hearing on the non-party sought to be substi-

tuted. Defendants Town of Southington, Michael Shanley, Jay Suski a/k/a John Suski and Scott Wojenkski ("Southington Defendants") object to the motion for enlargement of time. For the reasons that follow, Plaintiff's motion to enlarge is denied as moot, a hearing date on the motion to substitute is set, and the motion to substitute is taken under advisement pending the hearing on the motion to substitute or statement assenting to the motion to substitute from the nonparty Plaintiff seeks to substitute.

The following facts are relevant to this disposition. On December 2, 2014, the Southington Defendants filed, and served on all counsel of record, a suggestion of death (doc. 68), suggesting the death of Defendant Michael Shanley, a former officer of the Southington Police Department. Doc. [68].

On February 23, 2015, Plaintiff filed the motion to substitute (doc. 71), moving to substitute as a party defendant in this action, James P. Shanley, executor of the estate of Michael Shanley, for Defendant Michael Shanley. Plaintiff attached to the motion a notice of appointment of fiduciary, dated November 19, 2014, from a State of Connecticut Probate Court, identifying James P. Shanley as the fiduciary for the estate of Michael J. Shanley. Doc. [71]–1.

Rule 25 provides that "[a] motion for substitution may be made by any party" provided the motion is "made within 90 days after service of a statement noting death." Fed. R.Civ.P. 25(a)(1); *see Pastorello v. City of New York,* No. 95cv0470 (CSH), 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000). Rule 25 also provides that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4"; "[a] statement noting death must be served in the same manner." Fed.R.Civ.P. 25(a)(3).

A preliminary question arises in this case as to whether the 90–day time period within which to file a motion to substitute has begun to run in light of the fact that the Southington Defendants have not served James P. Shanley with the "statement noting death" (styled here, as a "suggestion of death"). The certification attached to the Southington Defendants' suggestion of death,

indicates that they served the suggestion of death on counsel for the parties, only. Doc. [68]. The running of the 90 days commences with the "proper suggestion of death." *George v. United States,* 208 F.R.D. 29, 31 (D.Conn.2001) (citing *Pastorello v. City of New York,* 2000 WL 1538518, at *2). In *George v. United States,* Magistrate Judge Margolis cited two affirmative steps required to trigger the 90–day time limitation. *Id.* First, death must be "formally" suggested "upon the record." *Id.* (citing *Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir.1994)). Second, the "suggesting party" must serve other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. *Id.* Although existing parties may be served pursuant to Fed.R.Civ.P. 5, non-parties must be served as if they were being served with a summons pursuant to Fed. R.Civ.P. 4. *Id.* Judge Margolis's construction of Rule 25(a) recites its plain requirements and casts those requirements as two affirmative steps required to trigger the 90–day time limitation.

The Southington Defendants filed the suggestion of death, but did not serve it on James P. Shanley. Their failure to effect service means that the 90–day time period contemplated in Rule 25(a)(1) within which to file the motion to substitute has not begun to run. *See Crichlow v. Fischer,* No. 12cv7774 (NSR), 2015 WL 678725, at *5 (S.D.N.Y. Feb. 17, 2015) ("As a statement noting death has not yet been served [on estate of deceased co-defendant], the 90–day time period to file and serve a motion for substitution at a later time has not yet begun to run."); *see also Hamilton v. Fisher,* No. 9:10cv1066 (MAD)(RFT), 2012 WL 987374, at *16 (N.D.N.Y. Feb. 29, 2012) *report and recommendation adopted,* No. 9:10cv1066 (MAD)(RFT), 2012 WL 987122 (N.D.N.Y. Mar. 22, 2012). Were this a case where the suggesting party could not have known the identity of the deceased party's legal successor, the failure to serve the suggestion of death on the legal successor might be deemed excusable, and as a result, a suggestion of death that was served only on the parties, might not be rendered invalid for

failure to serve the non-party. *See Yonofsky v. Wernick,* 362 F.Supp. 1005, 1011–12 (S.D.N.Y.1973); *see also Stephens v. Am. Risk Mgmt. Inc.,* No. 89cv2999(JSM)(AJP), 1995 WL 479438, at *3 (S.D.N.Y. Aug. 14, 1995). This, however, is not one of those cases. The record indicates that as early as November 19, 2014, the Southington Defendants had constructive notice of the identity of Michael Shanley's legal successor by virtue of the appointment of fiduciary notice filed in Connecticut Probate Court on that date. The Southington Defendants had reason to know that James P. Shanley was Michael Shanley's legal representative and were required under Rule 25(a)(3) to serve James P. Shanley with the suggestion of death.

Because the Southington Defendants failed to effect service on Michael Shanley's legal successor, the 90–day time period within which to file the motion to substitute has not begun to run. Accordingly, Plaintiff's motion for enlargement of time within which to file the notice of hearing will be denied as moot. The Court notes, however, that if the Southington Defendants refile the suggestion of death and serve the Shanley estate pursuant to Rule 4, it would trigger the 90–day time limit set forth in Rule 25(a)(1). *See Giles v. Campbell,* 698 F.3d 153, 159 n. 5 (3d Cir. 2012).

■ The Southington Defendants' failure to serve the suggestion of death on James P. Shanley does not, *ipso facto,* invalidate Plaintiff's motion to substitute James P. Shanley for the late Michael Shanley. That is to say, a valid suggestion of death is not a precondition for a motion to substitute. *Hardy v. Kaszycki & Sons Contractors, Inc.,* 842 F.Supp. 713, 716 (S.D.N.Y.1993) (stating "a motion to substitute can be made before a valid suggestion of death has been made"). A *motion to substitute* however, like a suggestion of death, must adhere to the service requirements on parties and non-parties set forth in Rule 5 and Rule 4 respectively, and incorporated by reference in Rule 25(a)(3). In that respect, Plaintiff's motion to substitute suffers from its own procedural defect.

Although Plaintiff served, through counsel, his motion to substitute on party-counsel and James P. Shanley, the return of service executed by state marshal, Frank D. Monico, III, does not certify that a copy of the complaint was served on James P. Shanley. Doc. [76] at 7. In the absence of that certification, the Court has little difficulty concluding that the complaint was *not* served, and that in consequence, Plaintiff has not satisfied the requirement of Rule 25(a)(3) to serve the motion to substitute "on nonparties as provided in Rule 4." *Id.* (emphasis added); *see George v. United States,* 208 F.R.D. at 31–32 (stating "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons" (citation and quotation marks omitted)). It is axiomatic that a court lacks personal jurisdiction over a would-be party that has not been "served with a copy of the complaint." Fed.R.Civ.P. 4(c)(1); *see Ayres v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 570 (3d Cir.1996) (holding that personal jurisdiction is not conferred if service under Rule 4 is not properly effected); *Macaluso v. New York State Dep't of Envtl. Conservation,* 115 F.R.D. 16, 18 (E.D.N.Y.1986) (service of a defective summons that was not accompanied by a copy of the complaint, was insufficient to establish jurisdiction over the defendant); 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1088. Nothing in Rule 25 abrogates the service requirement of Rule 4; on the contrary, it is at pains to preserve it.

The Third Circuit Court of Appeals' decision in *Giles v. Campbell,* 698 F.3d 153 (3d Cir.2012) is instructive on this point. In that case, the plaintiff (a state prisoner) filed a civil rights action, naming state of Delaware correctional officers as defendants. The Delaware Department of Justice, which was representing the defendants, filed a suggestion of death, informing the district court that one of the co-defendants, Campbell, had died. *Id.* at 155. The plaintiff filed a motion to substitute the administratrix of Campbell's estate as a defendant. Neither the suggestion of death nor the motion to substitute was served on the estate. The plaintiff appealed the district court's denial of his motion to substitute. In vacating the order of

the district court and remanding for further proceedings, the court of appeals rejected plaintiff's argument that service of the motion to substitute was properly served because it was served on Campbell's counsel. The court determined that "the Government's representation of Campbell ended when he died" and that "[a]ccordingly, the parties were required to—and failed to—serve Campbell's estate pursuant to Rule 4." *Id.* at 158. The court held that "the District Court lacked personal jurisdiction over the estate." *Id.* It reasoned that "while Rule 5 is 'clerical and administrative in nature' and applies to papers filed after the complaint, Rule 4 is 'jurisdictional rooted,' " and therefore "[s]ervice under Rule 5 . . . cannot be substituted for service under Rule 4." *Id.* at 159 (citation omitted).

■ The import of *Giles* to the case at bar is two-fold. First it makes clear that under Rule 25(a)(3), service of both the suggestion of death and the motion to substitute on the non-party sought to be substituted in a manner provided by Rule 4, is required in order to establish the court's personal jurisdiction over the non-party. Second, it reaffirms the principle that an attorney-client relationship terminates upon the death of the client, *see, e.g., Jones Inlet Marina, Inc. v. Inglima,* 204 F.R.D. 238, 240 (E.D.N.Y.2001), and extinguishes any notion that an attorney-client relationship automatically vests between the attorney and the estate of the deceased client. In this case, the attorney-client relationship between Michael Shanley and his attorneys terminated upon his death. There is no evidence that Michael Shanley's former counsel now represents James P. Shanley. That conclusion forecloses any argument that Plaintiff has effected service on a party under Rule 5 by serving the motion to substitute on Michael Shanley's former counsel.

Plaintiff has not effected proper service of the motion to substitute under Rule 25(a)(3).

For the foregoing reasons, the Court makes the following Ruling and Order:

1. Plaintiff's motion for enlargement of time (doc. 76) within which to serve the "notice of hearing" is DENIED as moot.

2. Plaintiff is directed to serve the motion to substitute and the "notice of hearing" (i.e., this Ruling and accompanying ECF text-entry) on James P. Shanley forthwith. Service shall be effected in the manner provided by Rule 25(a)(3) and Rule 4. Plaintiff shall file and serve proof of service on counsel of record.

3. A hearing on Plaintiff's motion to substitute James P. Shanley is set for **June 2, 2015, at 11:00 AM,** in the 17th Floor Courtroom of the Connecticut Financial Center, New Haven CT, 06510. James P. Shanley or his attorney, if retained, are directed to be present at the hearing.

4. Plaintiff's motion to substitute (doc. 71) is taken under advisement pending the resolution of the June 2 hearing, or alternatively, the submission of a written statement signed by James P. Shanley, or his legal representative, assenting to Plaintiff's motion to substitute James P. Shanley for the late Michael Shanley as a party defendant, and requesting discontinuance of the June 2 hearing. Counsel for the Southington Defendants may file the statement contemplated in the latter contingency, provided the statement is accompanied with proof they have been authorized to do so.

It is SO ORDERED.