VandeWalle, Chief Justice.
 

 [¶ 1] David Knapp appealed from a judgment dismissing his petition for a writ of prohibition against the Commissioner of the Minnesota Department of Revenue and Edward Jones and from an order denying his motion to vacate the judgment. We conclude the district court did not abuse its discretion in denying Knapp's petition for a writ of prohibition, and we affirm the judgment and the order.
 

 I
 

 [¶ 2] In August 2016, the Commissioner issued an order assessing personal liability against Knapp, a North Dakota resident, for $65,843.80 in unpaid Minnesota sales and use taxes relating to his interest in a business in Bemidji, Minnesota. In December 2016, the Commissioner issued a third-party levy on securities held by Edward Jones for Knapp by sending a notice to
 
 *389
 
 Edward Jones at its Missouri office. The third-party levy said Edward Jones must sell Knapp's securities under Minn. Stat. Ann. 270C.7101(7) and send the Minnesota Department of Revenue payment up to the amount due. The levy instructed Edward Jones not to send money that was exempt or protected from the levy and cautioned that state law allowed the Commissioner to assess debt to businesses, officers, or other individuals responsible for honoring the levy, including assessing the total amount due plus a twenty-five percent penalty.
 

 [¶ 3] Knapp petitioned the district court to dissolve the levy and for a writ of prohibition against the Commissioner and Edward Jones to prohibit them from taking any further action to levy on his account. Knapp alleged that the Commissioner had no jurisdiction in North Dakota to levy on his North Dakota property and that his property was exempt from the levy. The district court issued a preliminary writ of prohibition to stay the levy pending the filing of an answer showing cause under N.D.C.C. § 32-34-05.
 

 [¶ 4] In an amended answer, the Commissioner asserted that the district court lacked personal jurisdiction over the Commissioner and the State of Minnesota and that the requirements for a writ of prohibition had not been met. Edward Jones answered, alleging that the petition failed to state a claim against it and that Knapp failed to exhaust his legal remedies in Minnesota.
 

 [¶ 5] The Commissioner moved for judgment on the pleadings, asserting that the district court lacked personal jurisdiction over the Commissioner and that the requirements for a writ of prohibition had not been met. After an April 28, 2017 hearing, the court dismissed Knapp's petition, ruling that it lacked personal jurisdiction over the Commissioner and that Knapp failed to satisfy the requirements for issuance of a writ of prohibition because he failed to exercise his legal remedies in Minnesota. A judgment was entered dismissing Knapp's petition.
 

 [¶ 6] Knapp moved for relief from the judgment under N.D.R.Civ.P. 52, 59(b)(1) and (6), and 60(b)(3) and (6). Knapp argued that North Dakota courts have in rem jurisdiction over his Edward Jones account. After an August 10, 2017 hearing, the district court denied Knapp's motion, ruling he failed to establish he had no adequate remedy in Minnesota to contest the Commissioner's imposition of the assessment and levy against him and he was not entitled to dissolution of the levy. The court also explained it did not have personal jurisdiction over the Commissioner and declined to address Knapp's argument about in rem jurisdiction over his Edward Jones account because he failed to raise that issue until his motion for relief from the judgment. The court concluded Knapp failed to establish he was entitled to relief under N.D.R.Civ.P. 52, 59(b)(1) and (6), and 60(b)(3) and (6).
 

 II
 

 [¶ 7] A writ of prohibition is a special proceeding governed by the rules of practice for a civil action to the extent the rules are not inconsistent with the statutory provisions for the writ. N.D.C.C. §§ 32-32-01, 32-32-03, 32-32-05, 32-32-06.
 
 See also
 
 N.D.R.Civ.P.81(a) and Table A;
 
 Tormaschy v. Tormaschy
 
 ,
 
 1997 ND 2
 
 , ¶¶ 11-16,
 
 559 N.W.2d 813
 
 (applying North Dakota Rules of Civil Procedure to proceedings in N.D.R.Civ.P. 81 to fill in gaps for excepted statutes). A writ of prohibition is an extraordinary remedy to prevent an inferior tribunal, corporation, board, or person from acting without or in excess of jurisdiction when there is not a plain, speedy, and adequate remedy in the ordinary course of law. N.D.C.C. §§ 32-35-01,
 
 *390
 
 32-35-02 ;
 
 Old Broadway Corp. v. Backes
 
 ,
 
 450 N.W.2d 734
 
 , 736 (N.D. 1990). The issuance of a writ of prohibition is discretionary, and the denial of the writ will not be overturned on appeal absent an abuse of discretion.
 
 Backes
 
 , at 736. A district court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law.
 
 W. Horizons Living Ctrs. v. Feland
 
 ,
 
 2014 ND 175
 
 , ¶ 11,
 
 853 N.W.2d 36
 
 .
 

 III
 

 [¶ 8] Knapp argues North Dakota is the situs of his Edward Jones account for purposes of jurisdiction and North Dakota is the proper forum for in rem jurisdiction over that account. He alternatively argues the State of Minnesota has the necessary minimum contacts with North Dakota for the exercise of personal jurisdiction over the Commissioner.
 

 [¶ 9] The Commissioner responds the district court did not abuse its discretion in denying a writ of prohibition because Knapp failed to exhaust his available legal remedies in Minnesota. The Commissioner also argues the court did not err in deciding it lacked jurisdiction to grant the requested relief and in refusing to consider Knapp's post-judgment argument about in rem jurisdiction.
 

 [¶ 10] The parties on appeal do not dispute that the court had jurisdiction over Edward Jones who raised a dispositive issue of law in its response to Knapp's petition. That issue is dispositive as to whether or not the writ of prohibition should issue. There is no reason to believe the court would have decided the matter differently if it had jurisdiction over the Commissioner. We need not decide whether or not the court erred in deciding it lacked jurisdiction over the Commissioner.
 

 [¶ 11] Section 32-35-02, N.D.C.C., permits a court to issue a writ of prohibition if there is not a plain, speedy, and adequate remedy in the ordinary course of law. Under Minnesota law, Knapp was entitled to administrative review of the Commissioner's assessment.
 
 See
 
 Minn. Stat. Ann. 270C.35. Knapp was also entitled to challenge the assessment with the Minnesota Tax Court and to appeal an adverse decision by that court to the Minnesota Supreme Court.
 
 See
 

 Minn. Stat. Ann. §§ 271.06
 
 and 271.10. Minnesota law also authorizes a person to bring a claim for equitable relief against a levy in a Minnesota district court, and an action for damages against the Commissioner for unauthorized collection actions.
 
 See
 
 Minn. Stat. Ann. §§ 270C.275 and 270C.67(10).
 

 [¶ 12] Knapp does not dispute that he failed to pursue available statutory remedies in Minnesota to contest the assessment and the levy. Although Knapp claims he should not be required to go to Minnesota to contest the assessment and levy, the assessment and levy pertain to Minnesota taxes involving an entity doing business in Minnesota. Knapp disputes the degree of his involvement with that entity but he has not demonstrated the Minnesota procedures did not, or will not, provide him with an adequate legal remedy. Because Knapp has not pursued those available legal remedies in Minnesota, we conclude the district court did not abuse its discretion in dismissing his petition for a writ of prohibition and did not abuse its discretion in denying his post-judgment motions.
 
 [1]
 

 *391
 
 [¶ 13] Knapp also argues the district court erred in denying him the right to a hearing under N.D.C.C. § 32-34-10 after issuance of the preliminary writ of prohibition. He essentially claims he was entitled to an evidentiary hearing on his jurisdictional arguments.
 

 [¶ 14] Under N.D.C.C. § 32-34-10, if an answer raises only questions of law or puts in issue only immaterial statements not affecting the substantial rights of the parties, the court must proceed to hear or fix a day for hearing the argument of the case. Knapp had two non-evidentiary hearings during this proceeding. The first hearing was on April 28, 2017, and resulted in the initial judgment dismissing his petition, and the second hearing was on August 10, 2017, and resulted in the denial of his post-judgment motions.
 

 IV
 

 [¶ 15] We affirm the judgment and the order.
 

 [¶ 16] Gerald W. VandeWalle, C.J.
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 [1]
 

 To the extent Knapp's post-judgment motions were timely and his appeal is from the denial of those motions, our review is also under the abuse-of-discretion standard.
 
 See
 

 Alliance Pipeline L.P. v. Smith
 
 ,
 
 2013 ND 117
 
 , ¶¶ 8-13,
 
 833 N.W.2d 464
 
 (discussing timeliness and appealability of post-judgment motions under N.D.R.Civ.P. 52, 59 and 60 ).