# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 187

David Knapp,
                                                    Plaintiff and Appellant

 v.

The Jones Financial Companies, L.L.L.P.
a Missouri Limited Liability Limited Partnership;
Edward D. Jones & Co., L.P., a Missouri Limited
Partnership a wholly owned subsidiary of The Jones
Financial Companies, L.L.L.P.; Edward Jones Trust Co.
a purported wholly owned subsidiary of The Jones
Financial Companies, L.L.L.P.; and a self-directed
individual retirement account described as Edward
Jones Trust Co. as Custodian FBO David N. Knapp
Account Number XXX-XX-18-1-6,
                                                    Defendants and Appellees

## No. 20220140

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

APPEAL DISMISSED.

Opinion of the Court by McEvers, Justice.

DeWayne A. Johnston, Grand Forks, ND for plaintiff and appellant.

Monte L. Rogneby, Bismarck, ND for defendants and appellees.

**McEvers, Justice.**

[¶1]   Attorney DeWayne Johnston, on behalf of the late David Knapp, appeals from a dismissal judgment entered after the district court denied a motion to substitute Knapp's widow as plaintiff under N.D.R.Civ.P. 25. The Appellees (together "Edward Jones") moved to dismiss the appeal. We grant Edward Jones' motion and dismiss the appeal.

I

[¶2]   This litigation began after the Minnesota Department of Revenue issued a third-party levy on securities held by Edward Jones for Knapp. Knapp sued the Commissioner of the Minnesota Department of Revenue and Edward Jones in North Dakota seeking dissolution of the levy. In *Knapp v. Commissioner of Minnesota Department of Revenue*, 2018 ND 231, 918 N.W.2d 387, we affirmed the district court's judgment dismissing the case for lack of personal jurisdiction over the Commissioner.

[¶3]   Knapp subsequently commenced this lawsuit against Edward Jones requesting dissolution of the levy or a declaration that his securities are exempt from the levy. He also brought a conversion claim and requested damages. The district court ordered the case stayed pending arbitration under terms in Edward Jones account agreements. Knapp died during the stay. Edward Jones served Knapp's counsel, Attorney Johnston, with a statement noting Knapp's death. Attorney Johnston filed a motion on Knapp's behalf requesting Knapp's widow, Cabrini Knapp, be substituted as plaintiff under N.D.R.Civ.P. 25. The court held a hearing. There is no transcript of the hearing in the record. After the hearing, the court denied the substitution motion and dismissed the case with prejudice. The court noted that ownership of the securities had transferred to Cabrini Knapp and her "rights are not extinguished by this order and there is no prejudice to her in denying the motion to substitute her as a party."

[¶4] Attorney Johnston filed a notice of appeal on David Knapp's behalf. The notice of appeal contains a footnote stating Cabrini Knapp filed the motion to substitute. This is not supported by the record. The motion itself states "the Plaintiff, by and through his attorney, DeWayne Johnston [ ] moves the court for an Order substituting Cabrini Knap [sic] as the Successor Plaintiff." Attorney Johnston has not filed an appearance on behalf of Cabrini Knapp. At oral argument, Attorney Johnston informed the Court he does not represent Cabrini Knapp.

II

[¶5] Edward Jones moved to dismiss the appeal arguing Attorney Johnston cannot appeal on behalf of a deceased person. Attorney Johnston responded with a motion to substitute Knapp's widow as the appellant under N.D.R.App.P. 43.

> If a party entitled to appeal dies before filing a notice of appeal, the decedent's personal representative, or, if there is no personal representative, the decedent's attorney of record, may file a notice of appeal within the time prescribed by these rules.

N.D.R.App.P. 43(a)(3). Rule 43 is intended to provide a mechanism for substitution of a party who dies after proceedings in the district court have concluded. *Hoffner v. Johnson*, 2003 ND 79, ¶ 4 n.1, 660 N.W.2d 909. Under the plain language of the rule, an attorney may file a notice of appeal on behalf of a decedent if he or she was "entitled to appeal" before dying. If a party dies during proceedings in the district court—i.e., before the party is entitled to appeal—N.D.R.Civ.P. 25 applies. *Ring v. N.D. Dep't of Human Servs.*, 2020 ND 217, ¶ 7, 950 N.W.2d 142. Rule 25 contains various requirements for substitution of a party. For example, Rule 25(a)(4), N.D.R.Civ.P., requires the motion to substitute a party and notice of the motion be served on parties and nonparties. The record does not show Cabrini Knapp, the nonparty purported to be substituted, was served. It appears not all the requirements were met in this case. *See Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (service of notice of death on decedent's attorney is insufficient to acquire personal jurisdiction over potential substitute); *see also Atkins v. City of Chicago*, 547

2

F.3d 869, 872 (7th Cir. 2008) (a motion for substitution filed by decedent's attorney is a nullity because the attorney is neither a party nor a successor or personal representative of the estate); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (same; collecting cases).[1]

[¶6]   David Knapp died while this case was pending in the district court. The dismissal judgment was entered after David Knapp's death. He was never "entitled to appeal" under N.D.R.App.P. 43(a)(3). Attorney Johnston is therefore not authorized to file this appeal on David Knapp's behalf. We note Cabrini Knapp has not filed a motion in this case. Nor does the record show she has been served with any filings. Although the district court's dismissal order states Attorney Johnston appeared on behalf of Cabrini Knapp at the motion hearing, he informed us at oral argument that the court's statement is inaccurate and he does not represent Cabrini Knapp. It is not apparent from the record that either we or the district court have jurisdiction to order Cabrini Knapp to serve as substitute. *See Franciere v. City of Mandan*, 2020 ND 143, ¶¶ 9-10, 945 N.W.2d 251 (valid service of process is necessary to effectuate personal jurisdiction; absent jurisdiction no one is bound by anything a court may say). We hold Attorney Johnston was not authorized to file this appeal, and therefore his motion to substitute on appeal is moot.

## III

[¶7]   We grant Edward Jones' motion. The appeal is dismissed.

[¶8]   Jon J. Jensen, C.J.
          Daniel J. Crothers
          Lisa Fair McEvers
          Jerod E. Tufte
          David Nelson, S.J.

---

[1] The explanatory note to N.D.R.Civ.P. 25 states our rule is derived from Fed. R. Civ. P. 25. Federal courts' interpretation of a corresponding procedural rule are "highly persuasive in construing our rule." *Kalmio v. State*, 2018 ND 182, ¶ 11, 915 N.W.2d 655 (quoting *Thompson v. Peterson*, 546 N.W.2d 856, 860 (N.D. 1996)).

[¶9] The Honorable David Nelson, S.J., sitting in place of VandeWalle, J., disqualified.