# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 198

Susan Kirchmeier, in her capacity as Guardian
and Conservator of an Incapacitated
Individual, Geneveive Monson,        Plaintiff and Appellee

     v.

Douglas Monson,       Defendant, Third-Party Plaintiff, and Appellant

     and

Mark Monson, Pam Cirulli, Michael Monson,
Barbara Jo Meyer, Jeffrey Monson,
Debra Wisla, Timothy Monson,
Sandra Gottbreht, and
Susan Kirchmeier, individually,       Third-Party Defendants and Appellees

     and

Scott Monson,       Third-Party Defendant

### No. 20240075

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Erin M. Conroy, Bottineau, ND, and Sarah C. Duffy, Fergus Falls, MN, for plaintiff and appellee and third-party defendants and appellees; submitted on brief.

Tyler J. Malm and David J. Smith, Bismarck, ND, for defendant, third-party plaintiff, and appellant; submitted on brief.

**Crothers, Justice.**

[¶1] Douglas Monson appeals after the district court entered summary judgment cancelling a contract for deed between him and Geneveive Monson. He argues the court erred when it held an oral agreement to modify a contract for deed is unenforceable and factual issues preclude summary judgment. We dismiss the appeal because Geneveive Monson died before the district court entered judgment and no party was substituted as her successor.

I

[¶1] Susan Kirchmeier, in her capacity as conservator for her mother Geneveive Monson, sued Douglas Monson, who is Geneveive Monson's son and Kirchmeier's brother. Kirchmeier alleged Douglas Monson entered into a contract for deed with their mother to purchase her farmland. The contract included a provision stating: "Upon the death of the Seller all amounts remaining due under this Contract for Deed shall be forgiven." Kirchmeier alleged Monson was in default and sought cancellation of the contract.

[¶2] Monson filed an answer with counterclaims. He alleged his mother orally agreed to modify the contract. He sought specific performance, reformation of the contract, and claimed promissory estoppel, unjust enrichment, constructive trust, and unlawful interference with a business relationship. Monson's reformation claim alleged a parcel of real estate was inadvertently omitted from the contract for deed due to a scrivener's error.

[¶3] During this litigation, Kirchmeier executed a warranty deed conveying the purportedly omitted parcel to Mark and Melissa Monson. She also executed a conservator's deed conveying the land described in the contract to her, Douglas Monson, and the other parties. Douglas Monson filed an amended answer with counterclaims and a third-party complaint.

[¶4] The third-party defendants and Kirchmeier, individually and in her capacity as Geneveive Monson's conservator, moved for summary judgment. On

November 17, 2023, the district court granted their motion. The court held the contract for deed was subject to the statute of frauds, it could not be orally modified, and Douglas Monson could not establish part-performance of an oral agreement. The court ordered Kirchmeier to prepare a judgment cancelling the contract for deed and dismissing Douglas Monson's counterclaims.

[¶5] According to briefing in this appeal and probate filings, Geneveive Monson died on November 22, 2023. *See* Case No. 05-2024-PR-008. On November 27, 2023, Kirchmeier submitted a proposed judgment, which the district court adopted, quieting title in the disputed property "to Third Party Defendants as Tenants in Common as successors in interest to the estate of Geneveive Monson." Douglas Monson filed a motion to correct the judgment arguing it improperly excluded interests he acquired through the conservator's deed. On January 2, 2024, the court entered a second judgment quieting title to Douglas Monson and the third-party defendants. Douglas Monson appeals.

II

[¶6] No party has addressed the effect of Geneveive Monson's death on this litigation. Rule 25, N.D.R.Civ.P., governs substitution when a party dies during district court proceedings. *Ring v. N.D. Dep't of Human Servs.*, 2020 ND 217, ¶ 7, 950 N.W.2d 142. Rule 25 provides a number of requirements that must occur before substitution of a party can be ordered and a case continued. *Knapp v. Jones Fin. Cos., L.L.L.P.*, 2022 ND 187, ¶ 5, 981 N.W.2d 925. When deciding whether to allow substitution under Rule 25, the district court must determine whether the death extinguishes the case, and if not, whether the party seeking substitution is the proper successor. *Id.*; *see also Inv'rs Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 36, 785 N.W.2d 863.

[¶7] Geneveive Monson died after the district court issued its order for summary judgment but before the judgment was entered. An order for judgment is not final and the case remains pending until judgment is entered. *Albrecht v. Albrecht*, 2014 ND 221, ¶ 6, 856 N.W.2d 755. Kirchmeier's authority to act as conservator for Geneveive Monson terminated when she died. *See* N.D.C.C. § 30.1-29-25(5) (conservator may apply to exercise powers of personal

representative if no other application has been received within 40 days of death); *see also In re Guardianship and Conservatorship of D.M.O.*, 2008 ND 100, ¶ 8, 749 N.W.2d 517 (stating "when the ward in a guardianship/conservatorship proceeding dies, the guardianship terminates and the ward's estate may be referred to probate"). There is no notice of Geneveive Monson's death in the record as required by N.D.R.Civ.P. 25(a)(2) and (4), and no party moved to substitute a successor before judgment was entered.

[¶8] Geneveive Monson's death after the order on summary judgment but before entry of judgment creates issues that, if they are to be resolved, must be addressed in the first instance by the district court. *See, e.g.*, N.D.C.C. § 30.1-12-01 (stating property devolves upon death subject to administration); *but see* N.D.R.Civ.P. 25(a)(3) (addressing continuation of proceedings after death but before judgment) and 54(d) (addressing death before judgment).

III

[¶9] The appeal is dismissed.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr